**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT, individually and as the representatives of a class of similarly-situated persons, | |
| Plaintiffs, | Case No. 1:24-cv-20755 |
| vs. | |
| ALEBRIJE ENTERTAINMENT, LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON, and John Does 1-10, | |
| Defendants. | |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF

Defendant Matthew Cole hereby files this Motion to Dismiss Plaintiffs' Complaint against him for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for Failure to State a Claim for Relief Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## <u>INTRODUCTION</u>

Plaintiffs' Complaint details a thrilling caper whereby a purported "billion dollar Ponzi Scheme" orchestrated by Zachary Horowitz ("Horowitz") and 1inMM Capital, LLC ("1inMM"), and assisted by several "aggregators," SAC Advisory Group, LLC ("SAC Advisory") and JJMT Capital, LLC ("JJMT Capital"), allegedly fleeced Plaintiffs out of millions of dollars. Missing from the Complaint is any direct connection, or mention of, Matthew Cole's involvement with

1inMM, SAC Advisory, or JJMT Capital.

The Plaintiffs' Complaint against Matthew Cole fails at the outset because this Court does not have personal jurisdiction over him. The Plaintiffs do not allege any facts that would provide the Court with personal jurisdiction over Matthew Cole. Rather, the Plaintiffs' Complaint is a thinly veiled effort at forum shopping. Facing multiple dismissals of their Complaint against SAC Advisory and JJMT Capital in the Northern District of California ("California Action"), the Plaintiffs have re-characterized the same allegedly fraudulent scheme as emanating from Florida. Notably, the California Action does not identify any conduct that took place in Florida; rather the Plaintiffs allege that all Florida "conduct" was only a ruse. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" ¶¶ 19, 71. Plaintiffs' effort at forum shopping does not confer personal jurisdiction against Matthew Cole, and the Plaintiffs' Complaint against him should be dismissed.

The substance of the "claim" for unjust enrichment against Matthew Cole (such that it is), fares no better. Even assuming the Plaintiffs' assertions are true, Matthew Cole's alleged investment in the same Ponzi Scheme[1] does not create a cause of action for unjust enrichment against him. Plaintiffs' Complaint should be dismissed against him for failure to state a claim as well.

## RELEVANT FACTUAL BACKGROUND

1.      Defendant Matthew Cole is an individual and citizen of Idaho residing in Ada County, Idaho. *See Plaintiff's Complaint* at ¶ 15.

---

[1] Plaintiffs' Counsel is representing AVR Group and Trident Asset in suing SAC Advisory Group, LLC for functionally the same conduct in the Northern District of California with no mention of Matthew Cole in their Complaint. *See AVR Group v. SAC Advisory Group, LLC et. al.,* Case No. 3:23-cv-00287-AMO (N.D. Cal. January 18, 2023). *See Request for Judicial Notice,* filed contemporaneously herewith.

2.      Plaintiff, AVR Group, LLC ("AVR Group") is a Nevada limited liability company with its sole member residing in and domiciled in California. *Id.* at ¶ 9.

3.       Plaintiff, Trident Asset Management, Inc. ("Trident Asset") is a California corporation with its sole member residing in and domiciled in California. *Id.* at ¶ 10.

4.      It appears AVR Group and Trident Asset are each owned and controlled by Joe Mcnulty, a California resident. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" ¶¶ 10, 11.

5.      SAC Advisory is a California limited liability corporation, domiciled and operating in the State of California and is curiously a non-party in this action. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" ¶ 15.

6.      Both AVR Group and Trident Asset are institutional accredited investors pursuant to Rule 501 of Regulation D of The Securities Act of 1933. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" at Exhibit A.

7.      AVR Group and Trident Asset invested with SAC Advisory between June of 2019 and January of 2020 via various profit sharing agreements.[2] *See Complaint* at ¶¶ 154-157.

8.      AVR Group and Trident Asset do not allege they directly, or even indirectly, entered into any investments with Matthew Cole.

9.      The profit sharing agreements referenced in, but not attached to, the Complaint, each indicate AVR Group and Trident Asset were entering into a profit sharing agreement with SAC Advisory Group, and other pooled SAC Advisory Group investors, for the distribution rights

---

[2] Plaintiffs, AVR Group and Trident Asset, each fail to attach their respective executed subscription agreements or other investment documents, and instead attach an exemplar subscription agreement. However, AVR Group and Trident Asset each filed their respective subscription agreements in the California Action. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" at Exhibit A.

for the following movies: The Corrupted, The Burnt Orange Heresy, WER, Brick Mansions, Everly, and Red Snake.[3] *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" at Exhibit A.

10.    Plaintiffs' do not allege Matthew Cole is one of the pooled SAC Advisory Group investors.

11.    To be clear, AVR Group and Trident Management, each west coast companies, invested in a California-based company offering the California-based Funds.

12.    The sale of the distribution rights purported to offer a yield of 16-21% to AVR Group and Trident Asset.

13.    No profit sharing agreement mentions Mr. Cole, nor his initial investment in 1inMM back in 2013, nor his subsequent investment in 1inMM in 2019.

14.    Plaintiffs' do not allege Mr. Cole invested with SAC Advisory Group and received no funds from SAC Advisory Group.

15.    Separately, Plaintiff Michael Dziurgot purportedly invested with JJMT Capital between October 2019 and November 2020 through a different investment vehicle whereby he directly loaned money to JJMT Capital. *See Plaintiffs' Complaint* at ¶ 156.

16.    Upon information and belief, Michael Dziurgot is an individual and citizen residing in Illinois and is an accredited investors pursuant to Rule 501 of Regulation D of The Securities Act of 1933. *Id.* at ¶ 11. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "2" at p. 67.

17.    JJMT Capital is a Delaware limited liability company with its principal place of

---

[3] Plaintiffs' Exhibits "M" and "N" actually appear to be completely different investment vehicles than the ones AVR Group and Trident Asset entered into.

business in Chicago, Illinois and, again, curiously a non-party to this action. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "2" at ¶ 3.

18.     In return, JJMT Capital executed a short-term promissory note with Mr. Dziurgot. The terms of the promissory notes generally ranged from three (3) to six (6) months and offered a targeted 30-40% APR. *See Complaint* at Exhibit "L."[4]

19.     JJMT Capital's "Illustrative Transaction Overview" shows JJMT Capital loans 1inMM funds to purchase rights to a single film. Then 1inMM uses the loan proceeds to purchase rights to a film and then re-sells the film rights to Sony, HBO, or Netflix at an increased price. 1inMM pays the increased price difference to JJMT Capital to cover the original loan plus interest. *See Complaint* at Exhibit "L".

20.     In sum, Mr. Dziurgot a citizen and resident of Illinois invested in a private security offering from a Delaware corporation that issued him a related promissory note.

21.     At no point does any portion of JJMT's investment offerings, promissory notes, or "Illustrative Transaction Overview" implicate, reference, or identify Matthew Cole. *See Complaint* at Exhibit "L."

22.     Plaintiffs' do not allege Matthew Cole invested with JJMT Capital, nor is he a party to any promissory note issued by JJMT Capital, and received no funds from JJMT Capital.

23.     Following Plaintiffs' detailing of the allegations, they attempt to allege Matthew Cole transacted business, made contacts, and/or committed tortious acts within the Southern District of Florida.

24.     However, the only conduct of Matthew Cole's even remotely considered

---

[4] Plaintiff, Mr. Dziurgot, fails to attach fail any referenced subscription agreement, executed promissory note, or other investment documents, and instead attaches an exemplar "Investment Opportunity Overview."

"transacting business" raised in the Complaint would be his direct investments in 1inMM, a California-based company.

25.     Plaintiffs' do not – and cannot – allege Matthew Cole had any role with 1inMM, nor that he was, or ever has been employed by 1inMM.

26.     Plaintiffs' do not – and cannot – allege Matthew Cole ever transacted any business on behalf of 1inMM anywhere, much less Florida.

27.     Plaintiffs' do not – and cannot – allege Matthew Cole ever transacted any business either individually, or on behalf of 1inMM with SAC Advisory or JJMT Capital anywhere, much less Florida.

28.     Plaintiffs' reference to Alebrije Entertainment, LLC and Gustavo Montaudon, other investors of 1inMM who are residents of Florida, do not – and cannot – show any form of contact between Matthew Cole and Alebrije Entertainment, LLC and Gustavo Montaudon.[5]

29.     The reference to the e-mails between alleged "Miami-based" HBO representatives were fake as alleged by select Plaintiffs' in the California Action and in no way reference or relate to Matthew Cole. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit "1" ¶¶ 19, 71.

## STANDARD OF REVIEW

**A.     Federal Rule of Civil Procedure 12(b)(2) Motion for Lack of Personal Jurisdiction.**

The Plaintiff bears the burden of establishing the Court has jurisdiction over the parties in a case. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000); *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "In the context of a

---

[5] Plaintiffs' Complaint specifically identifies a relationship only between Mr. Horowitz, Mr. Montaudon, Mr. Hallivis, and Mr. Craig Cole.

motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Courts employ a two-part analysis in determining personal jurisdiction over a nonresident defendant, asking whether (1) "the exercise of jurisdiction is appropriate under the forum state's long-arm statute" and (2) jurisdiction satisfies the Due Process Clause. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). "[V]ague and conclusory allegations presented in [the] complaint ... are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

### B.   Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Failing to State a Claim.

The purpose of Rule 12(b)(6) is to allow a court to test whether a plaintiff is entitled to legal relief by construing as true all the facts alleged in the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). A district court may only grant a motion to dismiss under Rule 12(b)(6) where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In its evaluation of a motion to dismiss, a court is to consider the factual allegations in the complaint as true. *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012); *citing Speaker .v U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010). Further, where an allegation lends itself capable of several inferences, that allegation must be construed in a light that is most favorable for the plaintiff. *Id*. While a court is to draw reasonable inferences in favor of the non-moving party, an inference based on speculation and conjecture is not reasonable. *Hammett v. Spaulding Cty.*, 875 F.3d 1036, 1049 (11th Cir. 2017). In determining whether a plaintiff has stated a claim, courts must decide whether

the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

A plaintiff's obligation to provide factual content and the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is well-settled that "Rule 8 does not empower respondent to plead the bare elements of his cause of action … and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S at 1954. The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and merely providing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Id.* at 678. A court need not accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## **ARGUMENT**

### A.      **This Court Lacks Personal Jurisdiction over Matthew Cole.**

The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "Due process requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002). A court may exercise specific

jurisdiction over a defendant in a suit arising out of, or related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 n.8-9 (1984). The due process requirements for general jurisdiction are far more stringent, requiring a showing a continuous and systematic general business contacts between the defendant and the forum state. *Borg-Warner Acceptance Corp. v. Lovett & Tharp,*786 F.2d 1055, 1057 (11th Cir. 1996).

Plaintiffs have failed to allege any contacts between Matthew Cole and the state of Florida that would allow this Court to exercise its personal jurisdiction over him. Specifically, Plaintiffs' have failed to plead anything other than conclusory allegations about Matthew Cole's alleged involvement in this case. From the Complaint, we know Matthew Cole is a resident of Idaho who invested in 1inMM, a California company, between 2013 and 2019. That is it.

Further, the Complaint does not – and cannot – allege 1inMM employed Matthew Cole or that he provided services for 1inMM. Plaintiffs make no claims that Matthew Cole made any representations on behalf of 1inMM nor do they allege he took any actions or made any contacts in Florida in relation to his investments in 1inMM. The Plaintiffs admit that they each invested with California and Delaware companies and fail to allege any Florida conduct related to the California and Delaware companies' investment offering documents they relied upon in making their investments. Finally, they make no reference to any conduct, businesses, or otherwise, relating Matthew Cole to Plaintiffs' investments with the SAC Advisory Group or JJMT Capital, much less any Florida-specific conduct.

Plaintiffs' failure to plead or reference any specific Florida actions linking Matthew Cole to Plaintiffs' investments is fatal to any attempt to utilize Florida's long-arm statute to confer jurisdiction here. Under Florida's long-arm statute, specific jurisdiction can only be exercised over a defendant in causes of action that "aris[e] from" a list of enumerated acts. § 48.193(1)(a)l; *Stone*

*v. Shafran,* 641 F.Supp.3d 1344 (S.D. Fla. Nov. 21, 2022). Here, Plaintiffs' raise one defective count of unjust enrichment and fail to allege any portion of the Matthew Cole's conduct occurred in Florida, nor does any portion of the Complaint provide any support Matthew Cole has any contacts with the state of Florida. Rather, all Plaintiffs allege is Matthew Cole invested in 1inMM, a California company and he received some returns on his investments over a certain period of time. Accordingly, Plaintiffs cannot seek to apply Florida's long arm jurisdictional principles to save them here.

As such, Matthew Cole lacks the minimum contacts necessary for this Court to exercise its specific or general personal jurisdiction over him. Critically, besides the purely conclusory allegations, Plaintiff does not allege any facts that would allow this Court to infer that Matthew Cole transacted business, made contacts, and/or committed tortious acts within Florida. Accordingly, the Court should dismiss Plaintiff's Complaint against Matthew Cole for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**B.      The Plaintiffs Fail to State a Claim Against Matthew Cole.**

Plaintiffs allege one state law claim for unjust enrichment against Matthew Cole, which falls woefully short of their pleading burden under the Federal Rules. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Iqbal,* 556 U.S. at 663. Despite the Federal Rule's simplified standard for pleading, a court may dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). To state a claim for unjust enrichment, a plaintiff must allege that: (1) plaintiff conferred a benefit upon defendant of which defendant was aware; (2) defendant voluntarily accepted and retained the benefit conferred; and (3) it would be inequitable for defendant to retain the benefit without paying for it. *Nova Info. Sys., Inc. v. Greenwich Ins.*

*Co.*, 365 F.3d 996, 1006–07 (11th Cir. 2004).[6]  Plaintiffs meet none of the three prongs.[7]

    To show conferral of a benefit supporting a claim of unjust enrichment, Florida courts require that a plaintiff **directly** confer a benefit to a defendant. *See Peoples Nat'l Bank of Commerce v First Union Nat'l Bank, N.A.*, 667 So. 2d 876 (Fla. 3d DCA 1996) (holding a plaintiff cannot hold other similarly situated investors liable for unjust enrichment in the event they receive returns on a pooled investment whereby plaintiff cannot show they directly conferred money to similarly situated investors). Here, Plaintiffs' plead only bare allegations against Matthew Cole, which are insufficient to carry the pleading burden. *See Iqbal*, 556 U.S at 1954. More troublesome, the plain allegations of Plaintiffs' Complaint show they respectively pooled their investments with other investors and transferred money to SAC Advisory Group and JJMT Capital and in return, received either preferred shares or a promissory note with a proposed rate of return linked to specific, individual 1inMM investments.[8]

    This set of facts is nearly identical to *CFLB Partnership, LLC v. Diamond Blue International, Inc.,* 352 So. 3d 357 (Fla. 3d DCA 2022). In *CFLB Partnership,* plaintiffs Diamond

---

[6] These factors are required even when the claims emanate from a Ponzi Scheme. *See Wiand v. Wells Fargo Bank, N.A.,* 86 F.Supp 1316 (M.D. Fla. Feb. 9, 2015) (applying Florida law to Ponzi-entity receiver's claims for unjust enrichment); *Nesbeth v. MasterCard Worldwide,* 2010 WL 11601168 * 9-10 (S.D. Fla. July 19, 2010) (same); *Goldberg v. Chong,* 2007 WL 2028792 at *8 (S.D. Fla. July 11, 2007) (same).

[7] Plaintiffs' failure to state a cause of action is also fatal to any attempt to seek application of Florida's long-arm jurisdiction. "In Florida, before a court addresses the question of whether specific jurisdiction exists under [Fla. Stat. § 48.193(1)(a)(2)], the court must determine 'whether the allegations of the complaint state a cause of action.'" *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) (*quoting Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002)).

[8] Upon information and belief, the pool of investors for JJMT exceed 100 different investors as identified in the parallel lawsuit again JJMT Capital in *Aronson v. JJMT Capital,* Case No. 21-CV-01867 (N.D. Ill. Dec. 7, 2021). *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit 2.

Blue International and Fundacion Lemar each loaned $1,000,000 to an entity called Conrad FLB Management, LLC. *Id.* at 358. In exchange for loan, Diamond Blue International and Fundacion Lemar each received individual promissory notes executed by Conrad FLB Management. Conrad FLB Management transferred the funds directly to CFLB Partnership the following day, but subsequently failed to pay back the individual promissory notes. *Id.* Diamond Blue International and Fundacion Lemar each sued CFLB Partnership for a claim of unjust enrichment based on their investments with Conrad FLB Management. *Id.* Each entity argued CFLB Partnership and Conrad FLB Management were functionally the same entity, as Conrad FLB management owned a 50% equity interest in CFLB Partnership, and that both shared the same manager, identical officers, directors, corporate counsel, and office space. *Id.*

However, the Court held that under these set of facts, the plaintiffs could not allege a direct benefit conferred to CFLB Partnership. *Id.* Rather, all they could show was they invested money with Conrad FLB Management and received promissory notes in return. *See also Kopel v. Kopel*, 117 So. 3d 1147, 1152-53 (Fla. 3d DCA 2013), quashed on other grounds, *Kopel v. Kopel,* 229 So. 3d 812, 818 (Fla. 2017) (holding that there was insufficient evidence to support the plaintiff's unjust enrichment claim where the plaintiff failed to put forth any evidence of a benefit conferred directly to the defendants, rather than indirectly to corporations owned by them.); *Extraordinary Title Services, LLC v. Florida Power & Light Company*, 1 So. 3d 400 (Fla. 3d DCA 2009) (same).

Here, nothing in the allegations purport to show a direct investment, or even benefit, conferred to Matthew Cole by any Plaintiff as required by the litany of Florida precedent. In fact, the investment documents (which Plaintiffs conveniently failed to attach) outline the flow of funds into both SAC Advisory Group and JJMT for their various investment offerings and Plaintiffs' receipt of either stock or a promissory note in exchange. Nothing in Plaintiffs' Complaint links

Mr. Cole to any of these transactions. Absent a benefit conferred, Plaintiffs' allegations crumble and are tantamount to, at best, an indirect benefit that also fails to meet their pleading burden. *See also Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) ("Marrache failed to allege that he and the other class members conferred a direct benefit to Bacardi. As alleged in his amended complaint, Marrache and the other class members purchased bottles of Bombay from Winn-Dixie, not Bacardi. At most, Marrache has alleged that he and the other class members conferred an indirect benefit to Bacardi and, as such, cannot satisfy the first element of an unjust enrichment claim against Bacardi.") Plaintiffs' failure to establish the direct conferral of a benefit on Matthew Cole precludes a finding of his "voluntarily" acceptance of the non-existent benefit and relatedly equity cannot support a finding that Matthew Cole, rather than say SAC Advisory Group and JJMT Capital, is required to insure the Plaintiffs' losses.

Finally, Plaintiffs are clearly seeking this "self-help" mechanism in an attempt to indirectly recover JJMT and SAC Advisory Group's investments in 1inMM from Matthew Cole in contravention of the active receivership matter in *S.E.C. v. 1inMM Capital, LLC,* No. 2:21-cv-02927 (C.D. Cal. 2021) (the "Receivership Matter"). The Receivership Matter has an appointed permanent receiver over assets that are attributable to funds derived from investors or clients of the 1inMM or were fraudulently transferred by 1inMM and, the receiver is tasked with identifying any other significant assets that may be available to compensate investors. *See Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit 3. Accordingly, any claims Plaintiffs could maintain based on investments in 1inMM – which they cannot – are derivative of the receiver's claims and should be barred. *See In re: TelexFree, LLC,* 941 F.3d 576, 581 (1st Cir. 2019) (barring alleged investor loss claims against third-parties as derivative claims of the attendant receivership entities claims in bankruptcy).

13

As such, Plaintiffs' Complaint falls well short of the requisite notice pleading required by Rule 8. As stated above, the Complaint is an incomprehensible scattershot of perceived grievances bearing no relation to Matthew Cole, or really to any of the named defendants.[9] As such, the Plaintiffs have not provided the Court with a short and plain statement entitling them to relief. Accordingly, this Court should dismiss Plaintiffs' Complaint against Matthew Cole for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

Accordingly, for the forgoing reasons, Defendant, Matthew Cole, respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice pursuant to Fed R. Civ. P. 12(b)(2) and 12(b)(6) as to Matthew Cole.

Respectfully submitted,

***/s/Michael J. Harwin***
Michael J. Harwin, Esq.
Florida Bar No.: 1018578
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, FL 33301
Telephone: 954-462-9512
mharwin@stearnsweaver.com
mhernandez@stearnsweaver.com

and

Christopher R. Clark, Esq.
Florida Bar No.: 1002388
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: 850-329-4853
crclark@stearnsweaver.com
lrussell@stearnsweaver.com

---

[9] Again, Plaintiffs' were all accredited investors who entered into some form of private placement investment offering with SAC Advisory Group and JJMT Capital, not Matthew Cole.