# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    vs.

ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,

        Defendants.

Case No. 2:21-cv-02927-CAS-GJS

**ORDER ON APPOINTMENT OF A PERMANENT RECEIVER**

1    This matter came before the Court upon the Motion of Plaintiff Securities and
2    Exchange Commission ("SEC") for Appointment of a Permanent Receiver (the
3    "Motion").  The Court, having considered the SEC's Motion, grants the Motion and
4    finds good cause exists to warrant the appointment of a permanent receiver over
5    1inMM Capital, LLC; over assets that are attributable to funds derived from investors
6    or clients of the Defendants or were fraudulently transferred by the Defendants; and,
7    to identify any other significant assets that may be available to compensate investors.

## I.

9    IT IS HEREBY ORDERED that the SEC's Motion to Appoint a Permanent
10   Receiver is GRANTED and a permanent receiver shall be appointed over 1inMM
11   Capital, LLC; over assets that are attributable to funds derived from investors or
12   clients of the Defendants or were fraudulently transferred by the Defendants
13   (collectively, the "Subject Assets"); and, to identify any other significant assets that
14   may be available to compensate investors.

## II.

16   IT IS FURTHER ORDERED that Michele Vives of Douglas Wilson
17   Companies is appointed as permanent receiver of Defendant 1inMM Capital, LLC
18   ("1inMM") and its subsidiaries and affiliates, and over the Subject Assets, with full
19   powers of an equity receiver, including, but not limited to, full power over all funds,
20   assets, collateral, premises (whether owned, leased, occupied, or otherwise
21   controlled), choses in action, books, records, papers and other property belonging to,
22   being managed by or in the possession of or control of Defendant 1inMM and its
23   subsidiaries and affiliates, and over the Subject Assets, and that such receiver is
24   immediately authorized, empowered and directed:

25       A.    to have access to and to collect and take custody, control, possession,
26               and charge of all funds, assets, collateral, premises (whether owned,
27               leased, pledged as collateral, occupied, or otherwise controlled), choses
28               in action, books, records, papers and other real or personal property,

1             wherever located, of or managed by Defendant 1inMM and its

2             subsidiaries and affiliates, and over the Subject Assets, (collectively, the

3             "Assets"), with full power to sue, foreclose, marshal, collect, receive,

4             and take into possession all such Assets (including access to and taking

5             custody, control, and possession of all such Assets);

6    B.    to assume full control of Defendant 1inMM as the receiver deems

7             necessary or advisable, and if necessary, to seek court approval to

8             remove any director, officer, attorney, independent contractor,

9             employee, or agent of Defendant 1inMM and its subsidiaries and

10            affiliates, including any named Defendant, from control of, management

11            of, or participation in, the affairs of Defendant 1inMM;

12    C.    to have control of, and to be added as the sole authorized signatory for,

13            all accounts of the entities in receivership and accounts containing the

14            Assets, including all accounts at any bank, title company, escrow agent,

15            financial institution or brokerage firm (including any futures commission

16            merchant) which has possession, custody or control of any Assets, or

17            which maintains accounts over which Defendant 1inMM, and its

18            subsidiaries and affiliates, and/or any of its employees or agents have

19            signatory authority;

20    D.    to conduct such investigation and discovery as may be necessary to

21            locate and account for all of the assets of or managed by Defendant

22            1inMM and its subsidiaries and affiliates, and to engage and employ

23            attorneys, accountants and other persons to assist in such investigation

24            and discovery;

25    E.    to take such action as is necessary and appropriate to preserve and take

26            control of and to prevent the dissipation, concealment, or disposition of

27            any Assets;

28    F.    to choose, engage, and employ attorneys, accountants, appraisers, and

2

1       other independent contractors and technical specialists, as the receiver

2       deems advisable or necessary in the performance of duties and

3       responsibilities under the authority granted by this Order;

4       G.    to make an accounting, as soon as practicable, to this Court and the SEC

5       of the assets and financial condition of Defendant 1inMM and to file the

6       accounting with the Court and deliver copies thereof to all parties;

7       H.    to make such payments and disbursements from the Assets taken into

8       custody, control, and possession or thereafter received by him or her,

9       and to incur, or authorize the making of, such agreements as may be

10       necessary and advisable in discharging his duties as permanent receiver;

11       I.    to investigate and, where appropriate, to institute, pursue, and prosecute

12       all claims and causes of action of whatever kind and nature that may

13       now or hereafter exist as a result of the activities of present or past

14       employees or agents of Defendant 1inMM, and its subsidiaries and

15       affiliates

16       J.    to institute, compromise, adjust, appear in, intervene in, or become party

17       to such actions or proceedings in state, federal, or foreign courts, which

18       (i) the receiver deems necessary and advisable to preserve or recover any

19       Assets, or (ii) the receiver deems necessary and advisable to carry out

20       the receiver's mandate under this Order; and

21       K.    to have access to and monitor all mail, electronic mail, and video phone

22       of the entities in receivership in order to review such mail, electronic

23       mail, and video phone which he deems relates to their business and the

24       discharging of his duties as permanent receiver.

25             **III.**

26     IT IS FURTHER ORDERED that Defendant 1inMM and its subsidiaries and

27  affiliates, including any of the other entities in receivership, and their officers, agents,

28  servants, employees and attorneys, and any other persons who are in custody,

3

possession or control of any assets, collateral, books, records, papers or other

property of or managed by any of the entities in receivership, shall forthwith give

access to and control of such property to the permanent receiver.

**IV.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee or

attorney of Defendant 1inMM shall take any action or purport to take any action, in

the name of or on behalf of Defendant 1inMM without the written consent of the

permanent receiver or order of this Court.

**V.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the

pendency of this receivership, all clients, investors, trust beneficiaries, note holders,

creditors, claimants, lessors and all other persons or entities seeking relief of any

kind, in law or in equity, from Defendant 1inMM, or its subsidiaries or affiliates, and

all persons acting on behalf of any such investor, trust beneficiary, note holder,

creditor, claimant, lessor, consultant group or other person, including sheriffs,

marshals, servants, agents, employees and attorneys, are hereby restrained and

enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or

        proceeding (other than the present action by the SEC or any other action

        by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or

        issuance of any court attachment, subpoena, replevin, execution or other

        process for the purpose of impounding or taking possession of or

        interfering with or creating or enforcing a lien upon any property or

        property interests owned by or in the possession of Defendant 1inMM;

        and

    C.    doing any act or thing whatsoever to interfere with taking control,

        possession or management by the permanent receiver appointed

4

1  hereunder of the property and assets owned, controlled or managed by or

2  in the possession of Defendant 1inMM, or in any way to interfere with

3  or harass the permanent receiver or her attorneys, accountants,

4  employees, or agents or to interfere in any manner with the discharge of

5  the permanent receiver's duties and responsibilities hereunder.

**VI.**

7  IT IS FURTHER ORDERED that Defendant Zachary Horwitz and 1inMM,

8  and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys,

9  shall cooperate with and assist the permanent receiver and shall take no action,

10  directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent

11  receiver or his attorneys, accountants, employees or agents, in the conduct of the

12  permanent receiver's duties or to interfere in any manner, directly or indirectly, with

13  the custody, possession, management, or control by the permanent receiver of the

14  funds, assets, collateral, premises, and choses in action described above.

**VII.**

16  IT IS FURTHER ORDERED that Defendant 1inMM, and its subsidiaries and

17  affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in

18  connection with the performance of his duties described in this Order, including the

19  costs and expenses of those persons who may be engaged or employed by the

20  permanent receiver to assist him in carrying out his duties and obligations.  All

21  applications for costs, fees, and expenses for services rendered in connection with the

22  receivership other than routine and necessary business expenses in conducting the

23  receivership, such as salaries, rent, and any and all other reasonable operating

24  expenses, shall be made by application setting forth in reasonable detail the nature of

25  the services and shall be heard by the Court.

**VIII.**

27  IT IS FURTHER ORDERED that no bond shall be required in connection with

28  the appointment of the permanent receiver.  Except for an act of gross negligence, the

5

1  permanent receiver shall not be liable for any loss or damage incurred by any of the

2  defendants, their officers, agents, servants, employees and attorneys or any other

3  person, by reason of any act performed or omitted to be performed by the permanent

4  receiver in connection with the discharge of his duties and responsibilities.

**IX.**

6       IT IS FURTHER ORDERED that representatives of the SEC and any other

7  government agency are authorized to have continuing access to inspect or copy any

8  or all of the corporate books and records and other documents of Defendant 1inMM

9  and its affiliates and subsidiaries, , and continuing access to inspect their funds,

10  property, assets and collateral, wherever located.

**X.**

12       IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

13  action for the purpose of implementing and carrying out the terms of all orders and

14  decrees which may be entered herein and to entertain any suitable application or

15  motion for additional relief within the jurisdiction of this Court.

17       IT IS SO ORDERED.

18  DATED: January 14, 2022

19  THE HON. CHRISTINA A. SNYDER
    UNITED STATES DISTRICT JUDGE