UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AVR GROUP, LLC; TRIDENT ASSET MANAGEMENT, INC.; and MICHAEL DZIURGOT, individually and on behalf of a putative class, | |
| *Plaintiffs*, | Case No. 1:24-cv-20755 |
| vs. | |
| ALEBRIJE ENTERTAINMENT, LLC; CRAIG COLE; MATTHEW COLE; GUSTAVO MONTAUDON; and JOHN DOE NOS. 1–10, | |
| *Defendants*. | |

---

**DEFENDANT CRAIG COLE'S MOTION TO DISMISS THE COMPLAINT**

---

Defendant Craig Cole ("Cole") moves under Federal Rule of Civil Procedure 12(b)(2) and (b)(6) to dismiss the Complaint [DE 1] against him, and in support states as follows:

**I.   INTRODUCTION**

Plaintiffs' Complaint presents a thrilling drama wherein a purported "billion dollar Ponzi Scheme"—orchestrated by Zachary Horowitz ("Horowitz") and 1inMM Capital, LLC ("1inMM"), and assisted by several "aggregators," including SAC Advisory Group, LLC ("SAC Advisory") and JJMT Capital, LLC ("JJMT Capital")—took Plaintiffs for millions of dollars. It accuses Cole—a victim of the scheme who lost his life savings, his parents' life savings, and his parents-in-laws' life savings due to Horwitz's criminal conduct—of knowingly aiding-and-abetting Horwitz. Plaintiffs assert that this Court has personal jurisdiction over Cole, who is not a Florida

resident and never conducted business in Florida, merely because he, in furtherance of the scheme, made passing reference to people and events in Florida.

Plaintiffs' Complaint against Cole fails at the outset and this Court should dismiss it because this Court lacks personal jurisdiction over Cole. Plaintiffs do not allege any facts that would provide this Court with general or specific personal jurisdiction over him. Cole is not a resident of Florida, has not availed himself of privileges of conducting activates within Florida, and Plaintiffs' causes of action do not arise out of or relate to Cole's Florida contacts. Additionally, even assuming *arguendo* that this Court could exercise personal jurisdiction over Cole, the Complaint fails to state an unjust enrichment claim against him.

At bottom, the Complaint is a thinly veiled effort at forum shopping. Notably, a similar complaint Plaintiffs filed in the Northern District of California does not identify any conduct taking place in Florida or any actors from Florida; rather, there, Plaintiffs alleged that the conduct they now try to recast as Florida conduct (*i.e.*, references to deals with HBO and HBO Latin America) did not actually occur and was nothing more than a ruse. *See* Request Judicial Not. [DE 42] ("RJN"), Ex. 2. Facing multiple dismissals of their complaint in California and an active, Court-appointed Receivership that likely enjoins their claims, Plaintiffs have rebranded the same allegedly fraudulent scheme as emanating from Florida. *See id.*, Ex. 1*; SEC v. 1inMM Capital, LLC et al.*, Case No. 2:21-2927-CAS-PD [DE 70] (appointing a receiver over 1inMM and enjoining claims against Horwitz, 1inMM, and their subsidiaries and affiliates). Plaintiffs' effort at forum shopping fails and this Court should dismiss the Complaint against Cole.

## II.      RELEVANT FACTUAL BACKGROUND

The Complaint alleges that in 2014, Cole (an Oregon resident) began assisting Horwitz (a California resident) to promote and raise money for 1inMM, a California company that allegedly

became a Ponzi scheme.[1] Compl. ¶ 14, 34. Plaintiffs have correctly conceded in another action that Cole has never been an owner or employee of 1inMM.[2] RJN, Ex. 2 (North District of California Complaint, ¶71(h)); Declaration of Craig Cole, May 6, 2024, Ex. 1 ("Cole Aff.") ¶ 4.

The Complaint further alleges the involvement of several other entities and participants used by Horwitz to raise money for 1inMM. One such entity is SAC Advisory Group, LLC ("SAC Advisory")—a California corporation with its principal place of business in California—which is curiously a non-party in this action. Compl. ¶ 5; RJN, Ex. 2 (California Complaint ¶ 15, alleging SAC Advisory to be a California entity headquartered there). Cole is not alleged to be, nor has he ever been, a member, manager, or employee of SAC Advisory. *See generally* Compl.; Cole Aff. ¶ 5. And, Cole has never received money, commissions, or things of value from SAC Advisory. Cole Aff. ¶ 16. Other alleged participants include defendants Alebrije Entertainment, LLC ("Alebrije") and Gustavo Montaudon ("Montaudon"). They are alleged to be, respectively, a Florida corporation and resident of Florida. Compl. ¶¶ 12–13. But Cole is not alleged to be a member, manager, or employee of Alebrije, either. *Id*. Indeed, Cole has never met or spoken to Montaudon and has never conducted business with Alebrije. Cole Aff. ¶¶ 9–10.

Named Plaintiffs AVR Group, LLC, Trident Asset Management, Inc., and Michael Dziurgot (collectively "Named Plaintiffs," and, Named Plaintiffs together with unnamed putative

---

[1] Cole and his family are victims of the scheme; Cole lost his life savings, his parents' life savings, and his parents-in-laws' life savings due to Horwitz's criminal conduct. Cole Aff. ¶ 18. Cole's father, co-defendant Matthew Cole, is an individual domiciled in Idaho. Compl. ¶ 15.

[2] This Court is permitted to take judicial notice of certain facts at the motion to dismiss stage under Federal Rule of Evidence 201 and the doctrine of incorporation-by-reference. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting that public records may be judicially noticed at motion-to-dismiss stage); *Ellison v. Postmaster Gen., United States Postal Serv.*, No. 20-13112, 2022 WL 4726121, at *7 (11th Cir. Oct. 3, 2022) (reiterating that courts may also take judicial notice of documents attached to a motion to dismiss if they are referred to in complaint, central to plaintiff's claim, or undisputed).

class members, "Plaintiffs")—the alleged victims—do not, as pleaded, have any relationship to Florida. *See generally* Compl. Plaintiff AVR Group, LLC ("AVR Group") is a Nevada limited liability company with its sole member residing in California. Compl. ¶ 9. Plaintiff Trident Asset Management, Inc. ("Trident Asset") is a California corporation with its sole member residing in California. *Id.* ¶ 10. It appears that AVR Group and Trident Asset are each owned and controlled by Joe McNulty ("McNulty"), a California resident. *See* RJN, Ex. 2 (California Complaint ¶¶ 10, 11). Cole never interacted with either entity or McNulty, and the Complaint does not allege that he did. *See generally* Compl.; Cole Aff. ¶ 11.

Plaintiffs AVR Group and Trident Asset, each west-coast companies, allege that they intended to invest California-based funds into opportunities presented by 1inMM.[3] To access the 1inMM opportunities, AVR Group and Trident Asset invested with aggregator SAC Advisory between June 2019 and January 2020 through various profit-sharing agreements. Compl. ¶¶ 154–57. AVR Group and Trident Asset do not allege that they directly entered into any investment agreements with Cole or that they ever interacted with him. *See generally* Compl. The profit-sharing agreements referenced in the Complaint (but not attached to it) indicate that AVR Group and Trident Asset were entering into profit-sharing agreements with SAC Advisory and other aggregators for the distribution rights for various movies. *E.g.,* RJN, Ex. 2 at 59–73. Cole is not alleged to have been a party to those profit-sharing agreements. *Id.*; Cole Aff. ¶¶ 15, 11.

Separately, plaintiff Michael Dziurgot ("Dziurgot") purportedly invested with JJMT Capital—an entity also alleged to be a major investment aggregator for 1inMM—between October

---

[3] AVR Group and Trident Asset both appear to be institutional accredited investors under Rule 501 of Regulation D of The Securities Act (1933). *See* RJN, Ex. 2 at 60–76.

2019 and November 2020, through promissory notes to JJMT Capital.[4] *See* Compl. ¶ 156. Dziurgot is a resident of Illinois. *Id*. ¶ 11. JJMT Capital appears to be a Delaware corporation with its principal place of business in Illinois. RJN, Ex. 3 (Complaint filed in Northern District of Illinois, ¶ 3). Put simply, Dzuirgot (a resident of Illinois) invested in a private security offering from a Delaware corporation based in Chicago, which issued him a note. Plaintiffs do not allege that Cole interacted with Dziurgot, invested with JJMT Capital, nor that he held or backed notes issued by JJMT Capital. *See generally* Compl. At no point does any portion of JJMT Capital's investment offerings, promissory notes, or "Illustrative Transaction Overview" implicate, reference, or identify Cole. *See* Compl., Ex. L.

The Complaint does not specifically allege that Cole transacted business, made contacts, and/or committed tortious acts in Florida. *See generally* Compl. And, Cole denies the same. Cole Aff. ¶¶ 13–14. The Complaint does not allege that Cole is a Florida resident, does not allege that he owns assets in Florida, and does not allege that he traveled to Florida (for any purpose ever, including to further the alleged scheme). *See generally* Compl. Notably, Cole is not alleged to have solicited or defrauded anyone in Florida, including the Plaintiffs. *Id*. Cole denies the same. Cole Aff. ¶ 14. Cole is not alleged to have been a member, manager, or employee of any entity referenced in the Complaint alleged to have done business in or related to Florida. *See generally*

---

[4] In return, JJMT Capital executed a short-term promissory note with Dziurgot. The terms of the promissory notes generally ranged from three (3) to six (6) months and offered a targeted 30-40% APR. *See* Compl. Ex. L. JJMT Capital's "Illustrative Transaction Overview" shows JJMT Capital loans 1inMM funds to purchase rights to a single film. Then, 1inMM uses the loan proceeds to purchase rights to a film and then re-sells the film rights to Sony, HBO, or Netflix at an increased price. 1inMM paid the increased price difference to JJMT Capital to cover the original loan plus interest. *See id.*

Compl.; *see also* Cole Aff. ¶¶1–10.[5] Plaintiffs do not—and cannot—specifically allege that Cole ever transacted any business on behalf of 1inMM or Horwitz in Florida, nor that Cole ever transacted any business with SAC Advisory or JJMT Capital in Florida, either individually or on behalf of 1inMM. *See generally* Compl.; *see* Cole Aff. ¶ 13–14 (denying the same). None of the contracts attached to the Complaint reference Cole and none contain Florida governing-law provisions. *E.g.,* Compl. Ex. 3 at 77, Ex. 2c at 49, Ex J at 44; *see also* Cole Aff. ¶ 15.

The Complaint merely contends that Cole—presumably, while located in Oregon or California—uttered statements to an unspecified number of unidentified "investors" ***not alleged to have been in Florida*** about fictitious relationships between Cole and Florida-based HBO employees, and about the COVID-19 pandemic's impact on Miami. Compl. ¶¶ 48, 64–66, 106. The Complaint nevertheless (and paradoxically) makes the sweeping allegation that "***[a]ll*** Defendants' relevant business . . . occurred or emanated from Florida, where Alebrije and Montaudon, did business with the ***remaining Defendants*** and Horwitz . . ." *See id*. ¶ 23 (emphasis added).

## III.     STANDARD OF REVIEW

### A.     Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiffs bear the burden of establishing that this Court has jurisdiction over the parties in a case. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc*., 593 F.3d 1249, 1257 (11th Cir. 2010); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non-

---

[5] Cole is the sole member of Fathom Features, LLC, a California corporation. But that entity has no contacts with Florida and the Complaint does not allege it to have had Florida contacts. Cole Aff. ¶ 12; *see* Compl. ¶¶ 133–34.

resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "[V]ague and conclusory allegations presented in [the] complaint ... are insufficient to establish a prima facie case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

Courts employ a two-part analysis in determining personal jurisdiction over a nonresident defendant, asking whether (1) "the exercise of jurisdiction is appropriate under the forum state's long-arm statute" and (2) exercising personal jurisdiction comports with the Due Process Clause. *E.g., Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

**B.     Rule 12(b)(6) Motion to Dismiss for Failing to State a Claim.**

A court may dismiss an action, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it has "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Each claim must be supported by allegations of fact sufficient to satisfy all its elements. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). A court is not required to accept as true a legal conclusion couched as a factual allegation, conclusory allegations devoid of any reference to actual events, or allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *Ashcroft*, 556 U.S. at 678. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293–94 (11th Cir. 2010).

# IV.   ARGUMENT

**A.**   **This Court Should Dismiss the Complaint as to Cole Because this Court Lacks Personal Jurisdiction Over Him**

This Court lacks personal jurisdiction over Cole, a nonresident defendant, because the Complaint's factual allegations do not trigger Florida's long-arm statute. Moreover, Cole lacks minimum contacts with Florida sufficient to satisfy the Due Process Clause. Accordingly, this Court should dismiss the Complaint as to Cole pursuant to Federal Rule of Civil Procedure 12(b)(2).

> 1.   There are no grounds to assert jurisdiction over Cole under Florida's long-arm statute.

This Court must first determine whether the exercise of personal jurisdiction is appropriate under Florida's long-arm statute. *See, e.g., Mut. Serv. Ins.* 358 F.3d at 1319. In conducting this inquiry, this Court must strictly construe the statute. *See Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983).

Under Florida's long-arm statute, specific personal jurisdiction can only be exercised over a defendant in causes of action that "aris[e] from" a list of enumerated acts. Fla. Stat. § 48.193(1)(a); *Stone v. Shafran,* 641 F.Supp.3d 1344 (S.D. Fla. 2022). But the Complaint fails to plead any specific facts that would satisfy the list of enumerated acts detailed in section 48.193, Florida Statues. Indeed, the Complaint does not contain a single citation or reference to Florida's long-arm statue. *See generally* Compl.

> > a)   *Cole does not conduct a general course of business activity in Florida for pecuniary benefit.*

The Complaint fails to plead facts sufficient to satisfy section 48.193(1)(a)(1), governing individuals engaged in a general course of business activity in Florida. A plaintiff may establish jurisdiction under section 48.193(1)(a)(1) if a defendant operates, conducts, engages in, or carries

on business or a business venture in Florida, or has an office or agency in Florida. Fla. Stat. § 48.193(1)(a)(1). To determine whether a defendant satisfies section 48.193(1)(a)(1), "[t]he activities of the [defendant]…must be considered collectively and show a general course of business activity in [Florida] for pecuniary benefit." *Dinsmore v. Martin Blumenthal Assocs., Inc*., 314 So.2d 561, 564 (Fla. 1975). Here, the Complaint does not allege that Cole operated, conducted, engaged in, or carried on business activity in Florida. It does not even accuse Cole of soliciting investors in Florida. Rather, all Plaintiffs (none of whom named appear to be from Florida) specifically allege is that Cole (an Oregon resident) assisted Horwitz (a California resident) raise money for 1inMM (a California company). *See generally* Compl. What is more, Cole denies having ever engaged in a Florida venture and denies ever carrying on business here. Cole Aff. ¶¶ 3, 13. Accordingly, the Complaint fails to plead Florida business activity conducted by Cole that would satisfy section 48.193(1)(a)(1).

### b)  Cole is not alleged to have committed a tort in Florida.

The Complaint also fails to invoke section 48.193(1)(a)2. to allege that this Court has jurisdiction because portions of the alleged tort occurred in Florida. For purposes of Florida's long-arm statute, a tort occurs where the last event to make a defendant liable occurred. *E.g.*, *Russo v. Fink*, 87 So. 3d 815, 818 (Fla. 4th DCA 2012); *Merkin v. PCA Health Plans of Fla., Inc*., 855 So.2d 137, 140 (Fla. 3d DCA 2003). The Complaint is silent as to Cole's involvement in any aspect of the alleged torts in Florida. *See generally* Compl. And, Cole denies the same. Coel Aff. ¶ 13–14, 18. The Complaint, therefore, fails to assert jurisdiction over this matter under section 48.193(1)(a)2.

          *c)* *Cole is not alleged to have engaged in* "substantial and not isolated activity" *in Florida.*

The Complaint also does not allege that Cole is engaged in substantial activity in Florida. Section 48.193(2) provides for jurisdiction over a defendant "who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise…whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

    Plaintiffs have failed to make a *prima facie* showing that Cole is engaged in any substantial activity within Florida as contemplated by section 48.193(2). *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (explaining that plaintiff must make prima facie showing under section 48.193(2)); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 629 (11th Cir. 1996). To the contrary, Plaintiffs allege, at most, that Cole—presumably, from his home in Oregon—merely discussed in a few emails Florida events, persons who reside in Florida, and Florida's handling of the COVID-19 pandemic. Compl. ¶¶ 48, 64–66, 106. Cole also denies engaging in substantial and not isolated activity in Florida. *See* Cole Aff. ¶ 3. Thus, there is no basis to assert jurisdiction over Cole under subsection (2) of Florida's long-arm statute.

The Complaint—which again does not even cite Florida's long-arm statue—does not contain facts showing that Cole or his conduct satisfy any of its provisions. For this reason alone, this Court lacks personal jurisdiction over Cole and should dismiss all claims against him. *See* Fed. Rule Civ. P. 12(b)(2); Fed. R. Civ. P. 4(k)(1)(A) (linking federal courts' power to assert personal jurisdiction over a defendant to the laws of the state in which the federal district court is located); *Wilson v. Belin*, 20 F.3d 644, 646–47 (5th Cir. 1994) (highlighting that in a diversity suit, a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction).

2. <u>Exercising personal jurisdiction over Cole violates the Due Process Clause.</u>

Even if Plaintiffs' allegations could satisfy Florida's long-arm statute, exercising personal jurisdiction over Cole here would violate the Fourteenth Amendment's more restrictive Due Process Clause. *See* U.S. Const. amend XIV, § 1.

a) *General personal jurisdiction.*

Plaintiffs fail to demonstrate general jurisdiction over the Cole in accordance with Due Process requirements. The "paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Complaint concedes that Cole's domicile is not in Florida—it is in Oregon. Compl. ¶ 14. Additionally, Plaintiffs do not allege that Cole engaged in a single instance of conduct in Florida, let alone that he has a substantial presence in the state. *See generally* Compl. Indeed, Cole does not have a substantial presence in Florida. *See* Cole Aff. ¶ 3. Plaintiffs, therefore, have failed to establish that this Court has general personal jurisdiction over Cole in a manner consistent with the Due Process Clause.

b) *Specific personal jurisdiction.*

Plaintiffs' allegations fail to establish a *prima facie* case for specific personal jurisdiction over Cole. The minimum contacts test for specific personal jurisdiction requires inquiry into whether the non-resident defendant purposely availed himself/herself of the privileges of conducting activities within the state. *E.g.*, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th Cir. 2013). The forum contacts must be the defendant's own choice (not random, isolated, or fortuitous) and must show that the defendant ***deliberately*** "reached out beyond" their home—by, for example, "exploi[ting] a market" in the forum State or entering a contractual relationship

11

centered there. *Ford Motor*, 141 S. Ct. at 1024 (cleaned up); *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Additionally, a plaintiff's cause of action must arise out of, or relate to, the defendant's forum contacts. *Ford Motor*, 141 S. Ct. at 1024. Phrased differently, there must be an affiliation between the state and the underlying controversy, principally, an activity or an occurrence that takes place in the state and is therefore subject to the state's regulation. *Id.*; *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.,* 582 U.S. 255, 262 (2017). Finally, the claim-forum affiliation must hold for ***each*** plaintiff's claims. *Bristol-Myers Squibb,* 582 U.S. 225 at 264 (holding that the mere fact that resident plaintiffs were harmed in the forum state—and allegedly sustained the same injuries as the nonresident co-plaintiffs whose claims bore no connection to the forum state—does not allow for specific jurisdiction in the forum state over the nonresident co-plaintiffs' claims).

Here, none of these conditions are satisfied. First, the Complaint does not allege that Cole purposely availed himself of the privileges of conducting activities in Florida. Indeed, the Complaint makes no mention of Cole purposely doing anything in or directed toward Florida. Instead, Plaintiffs merely (and inaccurately) attempt to impute the Florida activities of another individual and company to Cole. *See* Compl. ¶¶ 12, 59, 28 (referring generally to a Florida-incorporated entity and person with which Cole has not been involved and pleading no details about their relationship). The Complaint does not—and cannot—specifically allege that Cole deliberately reached to Florida to transact business, make contacts, or to commit tortious acts in Florida. *See generally* Compl.; Cole Aff ¶¶ 3, 13–14 (declaring that he does not do business in Florida and has had no deliberate or known contact with Florida, Florida entities, or Florida-based persons related to 1inMM). For this reason alone, specific personal jurisdiction does not fall over Cole with respect to Plaintiffs' claims. *See Ford Motor*, 141 S. Ct. at 1024.

Second, Plaintiffs' claims do not arise out of, or relate to, Cole's Florida contacts. *See Ford Motor Co.*, 141 S. Ct. at 1024. Cole has no Florida contacts and no allegations in the Complaint arise from or relate to Cole's (non-existent) activities in Florida. Cole is not alleged to have solicited or defrauded anyone in Florida, including any of the Plaintiffs (named and unnamed). *See generally* Compl. Cole is not alleged to be a member, manager or employee of any Florida entity referenced in the Complaint. Plaintiffs' do not—and cannot—allege that Cole ever transacted any business on behalf of 1inMM in Florida, nor that Cole ever transacted any business in Florida with SAC Advisory or JJMT Capital; either individually or on behalf of 1inMM. *See* generally Compl.; Cole Aff. ¶¶ 13–14. Indeed, Plaintiffs admit that they each invested with California and Delaware companies and fail to allege that any Florida conduct related to the California and Delaware companies' investment offerings gives rise to their claims against Cole. *See* Compl. ¶¶ 154–56.

Plaintiffs' passing reference to Cole's comments about the COVID-19 virus' spread in Miami or to an apparently fictitious business relationship with an individual who purportedly lives in Miami—in other words, merely uttering the words "Florida" or "Miami"—are insufficient to forge a connection between the claims and forum that satisfies the Due Process Clause. *See* Compl. ¶¶ 48, 64–66, 106; *Ford Motor Co.*, 141 S. Ct. at 1024; *see also* RJN, Ex. 2 (Plaintiffs' California Complaint, ¶¶ 35, 71, alleging that the Florida-based HBO relationships pleaded here were fictious). Plaintiffs have failed to plead anything other than conclusory allegations about Cole's alleged involvement in the purported scheme. Indeed, the only pleaded paragraph that could be interpreted as tying Cole to Florida is the following generic allegation: "*[a]ll* Defendants' relevant business. . . occurred or emanated from Florida, where Alebrije and Montaudon, did business with the ***remaining Defendants*** and Horwitz…" *See* Compl. ¶ 23 (emphasis added). But that allegation stands at odds with the rest of the Complaint, which primarily details entities and conduct

13

emanating outside Florida; is vague and conclusory; stands at odds with a complaint filed by Plaintiffs in California, which does not even mention Florida and alleges that the HBO Latin America relationships mentioned in this Complaint were fictions spun by the scheme's perpetrators. *See* RJN, Ex. 2. Moreover, the Complaint fails to provide this Court with enough information to conclude which of each of Plaintiffs' claims—if any—arise from Cole's deliberate contacts with Florida. *See Bristol-Myers Squibb*, 582 U.S. at 266 (holding that specific personal jurisdiction is plaintiff-and-claim specific). As a result, the Complaint fails to establish specific personal jurisdiction over Cole as to any of Plaintiffs' claims. *See Ford Motor*, 141 S. Ct. at 1024; *id.*; *Snow*, 450 F.3d at 1318 ("[V]ague and conclusory allegations presented in [the] complaint ... are insufficient to establish a prima facie case of personal jurisdiction[.]").

Additionally, this Court lacks specific personal jurisdiction to entertain the unidentified, putative class members' claims against Cole. The Complaint purports to be brought by Named Plaintiffs and on behalf of a class of similarly situated persons comprised of "citizens of states different from states Defendants are located in." Compl. ¶ 18. The Complaint's putative nation-wide class is broadly defined and does not plead that any putative class members are Florida residents. *See* Compl. ¶¶ 158–69. And, the Complaint is silent as to which unnamed, putative class members' claims—if any—arise from or relate to Cole's contacts with Florida.

These omissions are fatal to this Court's proper exercise of specific personal jurisdiction over the putative class members' claims against Cole. *See Bristol-Myers Squibb*, 582 U.S. at 266 (explaining that specific personal jurisdiction under the Due Process Clause is claim-specific and that just because a court has specific jurisdiction over one individual's claim, it does not confer specific personal jurisdiction over the claims of any other individual), *discussed by Chizniak v. CertainTeed Corp* ., 2020 WL 495129, at *5 (N.D.N.Y. Jan. 30, 2020) (interpreting *Bristol-Myers*

as applicable to nationwide class actions and declining to exercise specific personal jurisdiction over certain claims); *In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 723 (E.D. Mo. 2019) (same); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. 2017) ("The constitutional requirements of due process [in *Bristol-Myers*] does not wax and wane when the complaint is individual or on behalf of a class."); *Chavez v. Church & Dwight Co.*, 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) ("The Court therefore concludes that *Bristol-Myers* extends to class actions, and that Chavez is therefore foreclosed from representing either a nationwide and [sic] multistate class comprising non-Illinois residents in this suit."); *Carpenter v. PetSmart, Inc.*, 441 F. Supp 3d 1028, 1035-38 (S.D. Cal 2020) (same); *see also Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 300–10 (D.C. Cir. 2020) (Silberman, J., dissenting) (concluding that a lack of personal jurisdiction is an appropriate basis for dismissing the claims of absent class members under *Bristol-Myers*). Because the putative class members failed to plead facts sufficient to demonstrate that each of their claims against Cole arise from his deliberate contacts with Florida, this Court's exercise of specific personal jurisdiction over such claims would be improper.

### c) *Fair play and substantial justice.*

This Court must also consider whether the exercise of personal jurisdiction over Cole would offend traditional notions of fair play and substantial justice. *See, e.g., Int'l Shoe*, 326 U.S. at 316; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293 (1980). Doing so protects "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contact, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (cleaned up). Factors this Court must consider in relation to fair play and substantial justice include the defendant's burden, the forum state's interests, the plaintiff's interest

in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolutions, and the shared interest of the States in furthering fundamental substantive social policies. *E.g.*, *World-Wide Volkswagen*, 444 U.S. at 292; *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999) (listing fair play and substantial justice factors).

Applying these factors, Cole—who is undergoing weekly chemotherapy for blood cancer and other medical treatment for a stroke and heart defect in Oregon—would be forced to litigate a matter over 2,500 miles away in Miami, Florida; a state where he has no family support, no doctors, no residence, no property, and no business interests. Cole Aff. ¶¶ 19–22. As detailed above, Cole has no Florida contacts and could not have anticipated being hauled into court here. *See* Cole Aff. ¶¶ 3, 13–14. Cole would be forced to defend this lawsuit, and potentially participate in class discovery, involving identified and unidentified plaintiffs having no direct connection to Cole nor to Florida. *See* Cole Aff. ¶¶ 13–16. Moreover, Florida has little interest in adjudicating this matter for multiple reasons. First, as mentioned above, a sister district court presiding over an enforcement action brought by the SEC appointed a receiver to oversee claims against 1inMM and its subsidiaries and affiliates, and the district court enjoined claimants (like Plaintiffs here) from filing civil suits outside the receivership. *See SEC v. 1inMM Capital, LLC et al.*, Case No. 2:21-2927-CAS-PD, [DE 70]; RJN, Ex 1. Second, it does not appear that Florida has an interest in adjudicating Plaintiffs' claims because the Complaint does not allege that any of the victims (including the Named Plaintiffs) are in Florida or that any were harmed here. *See generally* Compl.

It would be unfair and unreasonable to require Cole—while battling cancer—to litigate in an attenuated forum like Florida because he could not have anticipated being hauled into this Court for an alleged scheme that was run by another individual on the west coast; a scheme that has victimized Cole and his family and that bears no known relationship to Florida. *See* Cole Aff.

¶ 18. No fair play and substantial justice factors weigh in favor of this Court exercising personal jurisdiction over Cole. *See Burger King Corp.*, 471 U.S. at 474.

**B.**     **This Court Should Dismiss the Unjust Enrichment Claim Under Rule 12(b)(6)**

Setting aside this Court's lack of personal jurisdiction over Cole, the Complaint fails to state an unjust enrichment claim against him. The claim should be dismissed under Rule 12(b)(6) because "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); Fed. R. Civ. P. 12(b)(6). The claim should also be dismissed because it is time-barred.

To state a claim for unjust enrichment under Florida law, a plaintiff must allege: (1) plaintiff conferred a benefit upon defendant of which defendant was aware; (2) defendant voluntarily accepted and retained the benefit conferred; and (3) it would be inequitable for defendant to retain the benefit without paying for it. *Peoples Nat. Bank of Com. v. First Union Nat. Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996); *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1006–07 (11th Cir. 2004). An unjust enrichment claim must be supported by factual allegations satisfying all three elements, even when the claim emanates from an alleged Ponzi scheme. *See, e.g., Wiand v. Wells Fargo Bank, N.A.,* 86 F. Supp. 3d 1316, 1331 (M.D. Fla. 2015) (applying Florida law); *Nesbeth v. MasterCard Worldwide,* No. 09-62042, 2010 WL 11601168, at * 9–10 (S.D. Fla. July 19, 2010) (same); *Goldberg v. Chong,* No. 09-62042-CIV-ZLOCH, 2007 WL 2028792, at *8 (S.D. Fla. July 11, 2007) (same).

Plaintiffs' Complaint does not satisfy these elements. First, the Complaint fails to plead that Plaintiffs *directly* conferred a benefit to Cole, as is required to satisfy the first element of an unjust enrichment claim. *See Peoples Nat'l Bank*, 667 So. 2d at 879. Instead, Plaintiffs allege they pooled their investments with other investors, the pooled investments were collectively transferred

to SAC Advisory Group and JJMT Capital, and, in return, Plaintiffs received either preferred shares or promissory notes with a proposed rate of return linked to their respective investments in 1inMM. Compl. ¶¶ 89, 138–39.

In other words, Plaintiffs failed to allege they directly conferred an investment, or even a benefit, to Cole. *See* Compl.  ¶¶ 191–203. In fact, nothing in Plaintiffs' Complaint links Cole to any of transactions involving Plaintiffs. *See id.* Indeed, Cole was not a party to Plaintiffs' agreements with SAC Advisory Group and JJMT Capital, and Cole did not receive any commissions or payments from them for Plaintiffs' investments. Cole Aff. ¶¶ 15–16. Therefore, at most, Plaintiffs alleged that they indirectly conferred a benefit to Cole, which is insufficient to support their unjust enrichment claim against him. *See, e.g., Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) ("Marrache and the other class members purchased bottles . . . from Winn-Dixie, not Bacardi. At most, Marrache has alleged that he and the other class members conferred an indirect benefit to Bacardi and, as such, cannot satisfy the first element of an unjust enrichment claim against Bacardi.").

Indeed, Plaintiffs' unjust enrichment claim against Cole fails for the same reason the plaintiffs' claims failed in *CFLB Partnership, LLC v. Diamond Blue International, Inc.,* 352 So. 3d 357 (Fla. 3d DCA 2022). There, plaintiffs Diamond Blue International and Fundacion Lemar each loaned $1,000,000 to defendant Conrad FLB Management, LLC (hereafter, "Conrad"). *CFLB P'ship*, 352 So. 3d at 358. In exchange, Conrad executed promissory notes in favor of the plaintiffs. *Id.* The next day, Conrad transferred the loaned funds to its affiliate, CFLB Partnership, LLC. *Id.* Subsequently, Conrad failed to pay the plaintiffs pursuant to the promissory notes that Conrad previously executed in plaintiffs' favor, and the plaintiffs brought unjust enrichment claims against CFLB Partnership. *Id.* The plaintiffs claimed that Conrad and CFLB Partnership were functionally

the same entity, as Conrad owned a 50% equity interest in CFLB Partnership and the entities shared the same manager, officers, directors, corporate counsel, and office space. *Id.* However, the court held that the plaintiffs could not claim they directly conferred a benefit to CFLB Partnership as required to support an unjust enrichment claim against CFLB Partnership. *Id.* Rather, the plaintiffs could solely allege they lent money to Conrad and received promissory notes in return. *Id*. For the same reasons here, Plaintiffs unjust enrichment claims fail against Cole. *See id*.; *see also Kopel v. Kopel*, 117 So. 3d 1147, 1152–53 (Fla. 3d DCA 2013) (unjust enrichment claim failed where the plaintiff failed to show it directly conferred a benefit to the defendants, rather than indirectly, through corporations the defendants owned), *quashed on other grounds*, 229 So. 3d 812, 818 (Fla. 2017); *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (same).

Because Plaintiffs failed to allege that they directly conferred a benefit to Cole, they also failed to plead the second requisite element of an unjust enrichment claim—that Cole ***voluntarily accepted*** the benefit that Plaintiffs directly conferred to him. *See Nova Info. Sys., Inc.,* 365 F.3d at 1006–07. As reasoned above, Plaintiffs, at best, directly conferred a benefit to SAC Advisory Group and JJMT Capital—not Cole. So, Cole cannot voluntarily accept the same and equity cannot support a finding that Cole, rather than SAC Advisory Group and JJMT Capital, was unjustly enriched. *See CFLB P'ship*, 352 So. 3d at 357; *see also Marrache*, 17 F.4th at 1102.

In addition, even if this Court inferred that Plaintiffs' investment agreements directly benefited Cole because he was constructively a party to the agreements, Plaintiffs' unjust enrichment claim would still fail. As stated above, Cole, nor any of his entities, were ever a party to Plaintiffs' investment agreements. Cole Aff. ¶¶ 15–16. Named Plaintiffs were parties to written agreements with SAC Advisory Group and JJMT Capital. Compl. ¶¶ 155–57; *id*. But even if Cole

were, somehow, considered a party to the agreements, Plaintiffs' unjust enrichment claims against him would fail because unjust enrichment claims may not be asserted against a counterparty to an express agreement. *See, e.g., Williams v. Bear Stearns & Co.,* 725 So. 2d 397, 400 (Fla. 5th DCA 1998); *Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. de C.V.*, 155 F. Supp. 3d 1310, 1320 (S.D. Fla. Jan 12, 2016).

Finally, Plaintiffs' unjust enrichment claims against Cole fail because they are time-barred. Florida unjust enrichment claims are governed by a four-year statute of limitation. Fla. Stat. § 95.11. Such claims are not afforded delayed discovery tolling and accrue "when the last element constituting the cause of action occurs." *E.g., In re Burton Wiand Receivership Cases Pending in the Tampa Division of the Middle District of Florida,* Nos. 8:05–cv–1856–T–27MSS, 2008 WL 818504, at * 8 (March 26, 2008) (citing Florida law rejecting application of delayed discovery doctrine to unjust enrichment actions). Named Plaintiffs allege that their investments in 1inMM began in 2019 and that their final investment agreements were executed in January 2020. Compl. ¶¶ 154–56. Plaintiffs filed the Complaint more than four-years after January 2020, that is, on February 27, 2024. Plaintiffs' unjust enrichment claims, based on purported benefits conferred before February 2020, are thus time barred. *See Wiand.,* 86 F. Supp. 3d at 1333 (concluding a Receiver's unjust enrichment claims in connection with a Ponzi scheme were time-barred).

For multiple reasons, Plaintiffs' unjust enrichment claims against Cole fail and this Court should dismiss them.

## V.    CONCLUSION

For the forgoing reasons, Defendant Craig Cole respectfully requests that this Court enter an order dismissing Plaintiffs' claims against him with prejudice, and issue him any further relief that this Court deems just and proper.

Dated: May 6, 2024

Respectfully submitted,

**STUMPHAUZER KOLAYA**
**NADLER & SLOMAN, PLLC**
2 S. Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Tel.: (305) 614-1400

By: */s/ Francis D. Murray*
  Francis D. Murray (FBN: 108567)
  Ryan K. Stumphauzer (FBN: 12176)
  Amy M. Bowers (FBN: 105755)

Email: fmurray@sknlaw.com
    rstumphauzer@sknlaw.com
    abowers@sknlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s/ *Francis D. Murray*     </u>
FRANCIS D. MURRAY