UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-20755-DSL

AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT, individually and as the representatives of a class of similarly situated persons,

    *Plaintiffs,*

v.

ALEBRIJE ENTERTAINMENT, LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON, and John Does 1-10,

    *Defendants.*

_____/

### DEFENDANTS ALEBRIJE ENTERTAINMENT, LLC and GUSTAVO MONTAUDON MOTION TO DISMSS FOR FAILURE TO STATE A CLAIM OF RELIEF

Defendants, ALEBRIJE ENTERTAINMENT LLC ("Alebrije") and GUSTAVO MONTAUDON ("Montaudon") (collectively "Alebrije Defendants"), by and through the undersigned attorney and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), hereby moves to dismiss the Complaint of Plaintiffs AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC. and MICHAEL DZIURGOT, (collectively "Plaintiffs ") [D.E. # 1], for failure to state a claim, and in support thereof states as follows:

### INTRODUCTION

The Alebrije Defendants move to dismiss Plaintiffs' frivolous and overly verbose Complaint filled with fallible legal arguments and pure conjectures. Plaintiff's Complaint stretches to hold people and entities liable for their own failure, including those that lack any connection with. Plaintiff candidly admit in their Complaint that they never had any contact with

1

the Alebrije Defendants, and simply relied upon a Ponzi Schemer and his cohorts without performing any independent verification of the information they were provided. In short, because the Plaintiffs were victims of the Ponzi Scheme run by Zachary Horowitz ("Horowitz"), and have been unsuccessful in their other attempts to recoup their losses, they now turn to this Court.

## RELEVENT FACTUAL BACKGROUND

1. Defendant Alebrije Entertainment LLC is a Florida limited liability company with its principal place of business in Miami, Florida. *See Plaintiff's Complaint* at ¶ 12.

2. Defendant Gustavo Montaudon is an individual residing in Broward County, Florida. *Id.* at ¶ 13.

3. Montaudon is one of the members in Alebrije. *Id.* at ¶ 12.

4. Alebrije and 1inMM **PRODUCTIONS**[1] ("1inMM Productions") (*emphasis added*) formed One Key Entertainment, LLC ("One Key") in 2013. *Id.* at 23.

5. Thereafter, Plaintiff fails to set forth any allegations in its Complaint that the Alebrije Defendants had any communication, or conducted or transacted any business with them. *Id.* at 49-203.

6. Each and every allegation set forth in Plaintiff's complaint about any conduct by the Alebrije Defendants was promoted by others – none directly by the Alebrije Defendants. *Id.*

7. None of the allegations set forth in Plaintiff's complaint state that the Plaintiff conducted or transacted any business with the Alebrije Defendant, rather they relied on marketing materials prepared by a third party that referenced them, and without the knowledge, use or consent of the Alebrije Defendants.

---

[1] In an attempt to confuse and mislead the Court, Plaintiffs fail to distinguish between 1inMM Capital, LLC (the vehicle used by Zachary Horowitz in his Ponzi Scheme) and 1inMMProductions, LLC which was a member of One Key. *See Plaintiff Complaint,* Exhibit B.

8. Plaintiffs do not – and cannot – allege that they ever communicated with or transacted business with the Alebrije Defendants. Further, there are no allegations or exhibits attached to the Complaint that evidence same.

9. The reference to the e-mails between alleged "Miami-based" HBO representatives were fake as alleged by select Plaintiffs' in the California Action and in no way reference or relate to Matthew Cole. *See Request for Judicial Notice*[2]*,* filed contemporaneously herewith, at D.E. 41, Exhibit "1" ¶¶ 19, 71.

## **MEMORANDUM OF LAW**

I. Legal Standards for Considering a Motion to Dismiss under Rule 12(b)

The purpose of Rule 12(b)(6) is to allow a court to test whether a plaintiff is entitled to legal relief by construing as true all the facts alleged in the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). A district court may only grant a motion to dismiss under Rule 12(b)(6) where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Under Rule 12(b)(6), a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555,

---

[2] The Alebrije Defendants filed a Notice of Joinder in Matthew Cole's Request for Judicial Notice (D.E. 41), filed contemporaneously herewith.

3

557) (alteration in original); *see also Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1340 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 322 (2017) ("Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must "state a claim to relief that is plausible on its face."). A court need not accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## ARGUMENT

Plaintiff filed their two (2) Count Complaint alleging 1) Aiding and Abetting Fraud and 2) Unjust Enrichment under Florida law, both of which fail as the Plaintiff cannot obtain relief. It is clear from the Plaintiff's Complaint that they fail to embrace the pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). *Iqbal*, 556 U.S. at 663.

### I.  COUNT I

The Plaintiff's first count seeks to state a claim for aiding and abetting in the Ponzi Scheme, however the Plaintiff forgot to include factual statements, and just included conclusory statements. Even the conclusory statements were far fetching. As an example, the Plaintiffs state that the Distribution Agreement attached as Exhibit I was provided by the Alebrije Defendants, but 1) does not provide who it was provided to, where or how it was provided, why it was provided, or the purpose of it; and 2) even if accepted as true, as sophisticated investors, the Plaintiffs should have reviewed same, as the 'materially relied upon it' in deciding to make their investments, that the governing law of it was United States of Mexico. *See Plaintiff's Complaint,* Exhibit I, p. 116, Section 8.1.

Despite the empty but lengthy complaint, Plaintiffs fail to comply with Rule 9 by pleading with particularity the facts as to time, place and substance of the alleged fraud, and specifically the details of the allegedly fraudulent act, when they occurred and who engaged in them. *U.S. ex. Rel.*

4

*Matheny v. Medco Health Sols,* 671 F.3d 1217, 1222 (11th Cir. 2012) (citations and quotations omitted).  In the instant matter, the Plaintiffs take a speculative leap that the Alebrije Defendants had actual knowledge of the alleged underlying fraud.  None of the allegations or exhibits establish that the Defendants had actual knowledge of the alleged fraud.  It is well settled that a plaintiff cannot satisfy the actual knowledge requirement by pointing to "certain red flags indicat[ing] a defendant should have known of the" underlying fraud. *Honig v. Kornfeld,* 339 F. Supp. 3d 1323, 1343 (S.D. Fla. 2018) (citations and quotations omitted); *Lamm v. State St. Bank & Tr.,* 749 F.3d 938, 950 (11th Cir. 2014) (finding allegations that "at most show that [defendant] should have known of [the] fraud … [are] insufficient to establish knowledge" (citations and quotations omitted).

## II. COUNT II

The Plaintiff's second count seeks to state a claim for unjust enrichment under Florida state law.  "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012); *accord Fla. Power Corp. v. City of Winter Park,* 887 So. 2d 1237, 1241 n.4 (Fla. 2004). Additionally, "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel,* 229 So. 3d 812, 818 (Fla. 2017); *accord Extraordinary Title Servs., LLC v. Fla. Power & Light Co.,* 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009).

The Plaintiffs fail to set forth any allegations that they conferred a direct benefit to the Alebrije Defendants.  At most, the Plaintiffs alleged that they conferred an indirect benefit to the Alebrije Defendants, and as such cannot satisfy the first element of an unjust enrichment claim against them.  *Marrache v. Bacardi, USA, Inc.,* 17 F. 4th 1084 (11th Cir. 2021).

The Plaintiffs are unable to satisfy the second element either, as they failed to allege or provide any proof that the Alebrije Defendants received and retained any benefit.

Moreover, the Statute of Limitations in Florida for aiding and abetting a fraud and unjust enrichment is four (4) years. The Plaintiff's failure to bring this cause of action timely is fatal to Plaintiffs claims. *Beltran v. Vincent P. Miraglia, M.D., P.A.*, 125 So.3d 855, 859 (Fla. 4th DCA 2013). While statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *Roberts v. Carnival Corp.,* 824 F. App'x 825, 827 (11th Cir. 2020) (citation and quotation omitted). Thus, "dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent, as here, from the face of the complaint that the claim is time-barred." *United States ex rel. Hunt v. Cochise Consultancy, Inc.,* 887 F.3d 1081, 1085 (11th Cir. 2018).

The Plaintiffs have filed similar actions across the country, stating the same conduct, without regard to the permanent court appointed receiver in *S.E.C. v. 1in MM Capital, LLC,* No. 2:214-cv-02927 (C.D. Cal. 2021) ("Receivership Matter"). The Receivership Matter has an appointed permanent receiver over assets that are attributable to funds derived from investors or clients of the 1inMM or were fraudulently transferred by 1inMM and, the receiver is tasked with identifying any other significant assets that may be available to compensate investors. *See Motion for Joinder for Request for Judicial Notice,* filed contemporaneously herewith, at Exhibit 1 [D.E. 41]. Accordingly, any claims Plaintiffs could maintain based on investments in 1inMM – which they cannot – are derivative of the receiver's claims and should be barred. *See In re: TelexFree, LLC,* 941 F.3d 576, 581 (1st Cir. 2019) (barring alleged investor loss claims against third-parties as derivative claims of the attendant receivership entities claims in bankruptcy).

4877-6207-5324, v. 1

## CONCLUSION

For the reasons stated herein, Defendants, Alebrije Entertainment LLC and Gustavo Montaudon requests that this Court grant its Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) and dismiss Plaintiff's Complaint in its entirety with prejudice, together with any further relief this Honorable Court deems just, necessary and proper under the circumstances.

Dated: May 6, 2024          Respectfully submitted,

LAW OFFICE OF ADAM I. SKOLNIK, P.A.

/s/ *Adam I. Skolnik*
ADAM I. SKOLNIK
FLORIDA BAR NO. 728081
*ATTORNEY FOR* DEFENDANTS
1761 WEST HILLSBORO BOULEVARD, SUITE 207
DEERFIELD BEACH, FLORIDA 33442
TELEPHONE:     561.265.1120
FACSIMILE:     561.265.1828
ASKOLNIK@SKOLNIKLAWPA.COM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 6, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

/s/ *Adam I. Skolnik*
ADAM I. SKOLNIK

4877-6207-5324, v. 1