UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT, individually and as the representatives of a class of similarly-situated persons, <br><br> Plaintiff, <br> v. <br><br> ALEBRIJE ENTERTAINMENT LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON, and John Does 1-10, <br><br> Defendants. | Civil Action No.: 1:24-cv-20755-DSL-JG |

## JOINT SCHEDULING REPORT

Plaintiffs, AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT and Defendants, ALEBRIJE ENTERTAINMENT LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON (collectively, "Defendants")[1] (together, Plaintiffs and Defendants are the "Parties"), submit this Joint Scheduling Report[2] and attached proposed Scheduling Order pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16.1(b)(2). The Parties certify that, pursuant to Federal Rule of Civil Procedure 26, and Local Rule 16.1(b), counsel for the Parties conferred in preparation of this filing.

A. **Likelihood of Settlement**

The Parties agree that settlement is not possible at this juncture. The Parties acknowledge that settlement may be possible after discovery commences in this matter.

---

[1] In filing this Joint Scheduling Report, none of the Defendants waive any Rule 12 defenses, including that this Court lacks personal jurisdiction.
[2] The Parties chose to file this robust form rather than the one attached to D.E. 7 because of the case's current status and the reassignment.

1

### B. Likelihood of Additional Parties

Based upon the Parties' current understanding of the issues, the appearance of additional parties may be required.

### C. Proposed Time Limits

The Parties believe that this matter should be assigned a *Standard Case Management* track and propose the following deadlines consistent therewith:

1. The deadline for initial disclosures required pursuant to Rule 26(a), Federal Rules of Civil Procedure, should be **July 1, 2024;**

2. The deadline for selection of a mediator and scheduling of a time, date, and place for mediation should be thirty (30) days from the ruling on pending Motions to Dismiss;

3. The deadline for joinder of parties and/or to amend pleadings with further amendments to pleadings and/or additions of parties as justice may require, should be on **November 8, 2024**;

4. The deadline to complete all discovery should be **March 14, 2025;**

5. The deadline for the Parties to exchange expert witness summaries and/or reports (if any) should be **November 22, 2024**, and to exchange rebuttal expert witness summaries and/or reports should be **January 17, 2025;**

6. The deadline to complete mediation and file a mediation report should be **March 14, 2025;**

7. The deadline to file all pre-trial motions (including all dispositive motions) and Daubert motions (including motions to strike experts) should be **April 11, 2025;**

8. The deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than Daubert motions) should be **July 18, 2025.**

### D. Proposals for the Formulation or Simplification of Issues

The Parties will endeavor to narrow the issues through discovery and to stipulate to as much as they can. The Parties shall adhere to the initial disclosures required pursuant to Rule

26(a), Federal Rules of Civil Procedure.

### E. Necessity or Desirability of Amendments to Pleadings

Parties may amend their pleadings upon further factual development and discovery.

### F. Possibility of Things to Avoid Unnecessary Proofs and Need For Advance Rulings on Admissibility

The Parties anticipate that they will work together in a good faith effort to do whatever is advisable and necessary to avoid the expenditure of labor on unnecessary proofs.

### G. Suggestions for the Avoidance of Cumulative or Unnecessary Proofs

Subject to their response in Section F above, the Parties agree to confer during the litigation regarding the facts that can be stipulated to in order to avoid unnecessary proof and cumulative evidence. The Parties anticipate using, among other things, requests for admissions and the joint pretrial stipulation to narrow the issues.

### H. Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master

The Parties do not elect to have this case proceed before a Magistrate Judge for trial or have the Magistrate Judge decide any dispositive motions. However, the Parties are agreeable to having non-dispositive motions and discovery motions referred to a Magistrate Judge.

### I. Preliminary Estimated Time for Trial

The Parties believe this case can be tried in 10-15 days.

### J. Proposed Approximate Dates for Trial

The Parties propose that the Trial shall be held in **September 2025.** The Parties defer to the Court as to the necessity of any pretrial conferences.

### K. ESI Issues and Discovery Plan

The Parties agree to preserve their electronically stored information. The Parties will work together to formulate search terms and parameters for the discovery of electronically stored

information, if necessary. The Parties anticipate that electronically stored information will be produced in native format when reasonably practicable and will be produced as kept in the regular course of business. The Parties currently do not have any issues about claims of privilege or of protection as trial-preparation materials. The Parties agree to the procedures set forth in the Federal Rules of Civil Procedure and Federal Rules of Evidence.

L.   **Additional Information**

The Parties submit that no changes should be made to the form or requirements for disclosure and that discovery should not be limited beyond those limitations found in the Federal Rules of Civil Procedure. Each Party may propound written discovery and may notice depositions as needed, subject to any restrictions imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. The Parties will also meet and confer regarding the planning of electronic discovery.

Respectfully submitted May 22, 2024

| /s/ Ross M. Good<br>Ross M. Good – FL Bar No.: 116405<br><br>Ross Good, Esq.<br>Alexander N. Loftus, Esq. (Pro Hac Vice)<br>LOFTUS & EISENBERG, LTD.<br>161 N. Clark, Suite 1600<br>Chicago, Illinois 60601<br>Telephone:  (312) 772-5396<br>Direct: (786) 539-3952<br>ross@loftusandeisenberg.com<br>alex@loftusandeisenberg.com<br>Attorneys for Plaintiffs | */s/Michael J. Harwin*<br>Michael J. Harwin, Esq.<br>Florida Bar No.: 1018578<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>200 East Las Olas Boulevard, Suite 2100<br>Fort Lauderdale, FL 33301<br>Telephone: 954-462-9512<br>mharwin@stearnsweaver.com<br>mhernandez@stearnsweaver.com<br><br>and<br><br>Christopher R. Clark, Esq.<br>Florida Bar No.: 1002388<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>106 East College Avenue, Suite 700<br>Tallahassee, FL 32301<br>Telephone: 850-329-4853 |
|---|---|

|  | crclark@stearnsweaver.com <br> lrussell@stearnsweaver.com <br><br> Attorneys for Defendant Matthew Cole |
|---|---|
|  |  |
|  | */s/ Adam I. Skolnik* <br> Adam I. Skolnik, Esq. <br> Florida Bar No.: 728081 <br> Law Office of Adam I. Skolnik, P.A. <br> 1761 West Hillsboro Boulevard, Suite 207 <br> Deerfield Beach, Florida 33442 <br> Telephone:     561.265.1120 <br> Facsimile:      561.265.1828 <br> askolnik@skolniklawpa.com <br> courts@skolniklawpa.com <br><br> Attorneys for Defendants Alebrije Entertainment, LLC and Gustavo Montaudon |
|  | */s/ Francis D. Murray* <br> Francis D. Murray <br> FBN: 108567 <br> **STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC** <br> 2 S. Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Tel.: (305) 614-1400 <br><br> *Attorneys for Defendant Craig Cole* |