UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT, individually and as the representatives of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ALEBRIJE ENTERTAINMENT, LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON, and John Does 1-10,<br><br>Defendants. | Case No. 1:24-cv-20755 |

**REPLY IN SUPPORT OF DEFENDANT, MATTHEW COLE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant Matthew Cole hereby files this Reply in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint against him for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for Failure to State a Claim for Relief Pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiffs' Complaint details an alleged Ponzi Scheme emanating from the actions taken by 1inMM, a defunct California Corporation, in setting up an elaborate ruse regarding movie deals with HBO (that never occurred), whereby each respective Plaintiff invested in either a California or Delaware Corporation acting as a feeder fund back to 1inMM. Now, in an attempt to prop up Plaintiffs' obvious venue-shopping and poorly pleaded claims, they allege for the first time in their

1

response "South Florida is the locus of their [Defendants] operations" in this "massive crime emanating from South Florida," as if saying it makes it so. *See* Plaintiffs' Response in Opposition to Defendants' Motions to Dismiss Class Action Complaint ("Response") at pg. 1. To support this effort to avail themselves of the Florida courts, the Plaintiffs' Response now claims "Matthew…. profited from a South Florida scheme premised on the promise of movie deals done with HBO in this [Southern] District and relying on a handful of actual deals done here. This is the locus of the fraud." Response at pg. 10.

Curiously, Plaintiffs' Complaint details that 1inMM never had a deal with HBO. Comp. at ¶ 180. Plaintiffs' Complaint details that nothing took place in Florida, relying solely on fraudulent e-mails to HBO to support their jurisdictional claims.[1] So, it appears Plaintiffs believe jurisdiction can lie on the false promise of something possibly occurring in Florida absent any actual actions being taken in furtherance of the scheme in Florida. *See Ellusionist Cash Balance Plan and Trust v. Spiegel Accountancy Corp.,* 2023 WL 5279642 at * 4 (N.D. Cali Aug. 15, 2023) (where Plaintiff's Counsel in the instant case, under the same set of facts, acknowledges the **1inMM scheme was all imaginary**). However, their Complaint only states Matthew Cole invested in 1inMM (California Corporation) in 2013, Matthew invested in 1inMM in 2019 again (California Corporation), and that Matthew benefitted from Craig Cole misrepresenting the nature and value of the Plaintiffs investment in 1inMM (California Corporation).

Nowhere, in any allegation, is there any mention of Matthew Cole specifically investing in any South Florida scheme, of Matthew Cole being employed by any Florida company (much less 1inMM) involved in the Ponzi Scheme, of Matthew Cole having any contacts with, or knowledge

---

[1] Plaintiffs' Complaint identifies there was never any relationship with HBO, so HBO having headquarters or operating in Florida does not serve as a basis for jurisdiction. Comp. ¶ 180. Relatedly, cc'ing the other alleged Florida defendants would not serve as a basis for jurisdiction.

of, any of the alleged "Florida" Defendants operations. The sole allegation against Matthew Cole in the Complaint is that he invested money in 1inMM, a California Corporation, and eventually received some returns.

In responding to the Motion to Dismiss, Plaintiffs' Response fails to address two key components raised in Matthew Cole's Motion to Dismiss. *First,* Plaintiffs' Response only references the Constitutional Due Process analysis employed and fails to address Plaintiffs' failure to plead any (even minimum) contacts between Matthew Cole and Florida.[2] The Court need go no further in ruling on personal jurisdiction.

*Second,* the active receivership bars Plaintiffs' equitable claims as derivative. *See In re: TelexFree, LLC,* 941 F.3d 576, 581 (1st Cir. 2019) (barring alleged investor loss claims against third-parties as derivative claims of the attendant receivership entities claims in bankruptcy). Again, the Court need review nothing further in dismissing Plaintiffs' Complaint. However, Plaintiffs present new allegations –absent from their Complaint - purporting to establish Florida's long-arm jurisdiction under Florida Statute 48.193(1)(a)(2).[3]

Finally, the Plaintiffs attempt to inject life into their unjust enrichment claim by mischaracterizing Florida law, and otherwise attempting to distinguish binding Florida law with alleged distinctions not found in Florida law, which are otherwise irrelevant. Even if this Court has jurisdiction over Matthew Cole, the Complaint against him for unjust enrichment should be dismissed for failing to state a claim.

---

[2] Plaintiffs makes passing reference to Matthew Cole not submitting an affidavit in defense of his jurisdictional arguments, however Plaintiffs' Complaint makes no specific allegations that Matthew Cole had any contact (even minimum) with the state of Florida which would have required an affidavit.

[3] Plaintiffs' Complaint makes no reference to Florida's Long-Arm Jurisdiction statute.

# ARGUMENT

### i. *Plaintiffs' Response Fails to Establish the Complaint Invokes Florida's Long-Arm Jurisdiction*

Plaintiffs' Response, not its Complaint, alleges Matthew Cole committed a tortious act in Florida warranting the exercise of long-arm jurisdiction under Florida Statute 48.193(1)(a)(2). *See Response* at 10. In supporting the alleged "tortious act" Plaintiff relies principally on *Wendt v. Horowitz,* 822 So. 2d 1252 (Fla. 2002) to state:

> "In this case the communications went into and out of Florida in order to perpetuate the fraud. It doesn't matter if Matthew and Craig came here when the [sic] claims are based on them profiting from the tortious acts that occurred here."

Plaintiffs' reliance on *Wentz* to support this claim is wholly misplaced. *First,* unjust enrichment is not a tort. *See Byung Ho Cheoun v. Infinite Energy, Inc.,* 363 Fed. Appx. 691 (11th Cir. 2010); *Jordan v. Defense Finance and Accounting Services,* 2016 WL 10676215 (Fla. M.D. Mar. 21, 2016). Even accepting the Plaintiffs can meet the elements of unjust enrichment (and they cannot), nothing in the alleged benefit conferred to Matthew Cole, nor Matthew Cole's alleged voluntary acceptance of that benefit, took place in Florida. The Plaintiffs' do not even assert any of these actions took place in Florida.

*Second,* the holding of *Wendt* established "committing a tortious act in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications." *Id.* at 1260. Here, Plaintiffs do not – and cannot - allege that Matthew Cole made any telephonic, electronic, or written communications into Florida.[4] Additionally,

---

[4] Note, Plaintiff alleges 1inMM had no relationship with HBO, which should follow that all "communications" with HBO were not real and HBO's actual location cannot serve as a basis for jurisdiction.

Plaintiffs' admit that the HBO e-mails they are using to serve as a basis for jurisdiction were fake and they have not pleaded any facts actually established any communications went into Florida from Matthew Cole.

### ii. *Plaintiffs' Unjust Enrichment Allegations Similarly Fail*

Plaintiffs' Response in support of their unjust enrichment claim against Matthew Cole fails even more spectacularly. *First*, Plaintiffs appear to have confused the elements of unjust enrichment. The first element of unjust enrichment requires that the plaintiff show that "[the plaintiff] has conferred a benefit on the defendant." Response at 5. Here, the Plaintiffs assert that "the **Defendants conferred a benefit** in the form of false profits **on the defaulted Plaintiffs** and the Class." *Id.* (Emphasis added). Even more, the allegations of the Complaint allege Craig Cole conferred a benefit on Matthew Cole, not Defendants. Comp. at ⁋ 198.

*Second*, the Plaintiffs misleadingly imply that the court need not require the plaintiff to show a "direct benefit" conferred by the plaintiff under Florida law. *See* Response at pg. 6 (quoting *CFLB Partnership, LLC* to say "we recognize our decision in this matter may not be in accord with certain federal district court orders relied on by [p]laintiffs and the trial court.") But the Court in *CLFB Partnership* continued to explain why the Plaintiffs' construction of Florida law fails, is in contradiction with Florida Supreme Court precedent (which binds this Court), and has subsequently been rejected by the Eleventh Circuit twice:

> We are bound, however, by the Supreme Court's decision in *Kopel* and our own decision in *Extraordinary Title Services*, which we interpret as requiring the benefit to be more direct than what occurred here. *See also Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) ("Marrache failed to allege that he and the other class members conferred a direct benefit to Bacardi. As alleged in his amended complaint, Marrache and the other class members purchased bottles of Bombay from Winn-Dixie, not Bacardi. At most, Marrache has alleged that he and the other class members conferred an indirect benefit to Bacardi and, as such,

5

> cannot satisfy the first element of an unjust enrichment claim against Bacardi."); *Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) ("Under their unjust enrichment theory, the Johnsons say they conferred a benefit on Stonebridge by paying membership fees to Catamaran, who in turn paid premiums to Stonebridge. However, even if Stonebridge ultimately retained a portion of the Johnsons' membership payments, *Extraordinary Title Services* and *Kopel* indicate that the Johnsons conferred (at best) an indirect benefit on Stonebridge. As a result, they cannot satisfy the first element of an unjust enrichment case, and we affirm the district court's dismissal of this claim.").

*CLFB Partnership, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357 (Fla. 3d DCA 2022).

*Third*, the Plaintiffs' further attempt to distinguish clearly binding Florida Supreme Court precedent misses the mark. According to the Plaintiffs, they need not show that they conferred a direct benefit on Defendants because the benefit was not conferred into a legitimate business, but a "Ponzi scheme." *See* Response at pgs. 5-6. Even assuming the investment vehicle here was a "Ponzi scheme," **Plaintiffs cite no law** for their allegation that there is a "Ponzi scheme" exception to the direct benefit requirement. Further, providing a "Ponzi scheme" exception would just allow plaintiffs to plead around the requirement by asserting a "Ponzi scheme." And cases applying the direct benefit requirement generally assert a scheme that is in some way unlawful. *See Catamaran Health Sols.*, 687 F. App'x at 827-28 (asserting defendants charged premiums that were not reasonably related to the benefit program's benefits, in violation of Fla. Stat. § 627.6515).

The Plaintiffs' final effort to distinguish binding Florida law is as misguided as it is shameless. Since the Plaintiffs cannot show that they directly conferred a benefit on Matthew Cole, they have brought this suit and attempt to hold Matthew Cole responsible for the alleged sins of his son: "Matthew [Cole] cannot be allowed to profit from his son's crimes." Response at pg. 6. Even assuming Matthew Cole's son committed the "crimes" he has alleged to have

6

committed, the Plaintiffs have produced no law (from Florida or elsewhere) holding a father liable for the crimes of his adult son. The Plaintiffs' claim against Matthew Cole for unjust enrichment should be dismissed.

## CONCLUSION

Accordingly, for the forgoing reasons, Defendant, Matthew Cole, respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint with prejudice pursuant to Fed R. Civ. P. 12(b)(2) and 12(b)(6) as to Matthew Cole.

Respectfully submitted,

*/s/Michael J. Harwin*
Michael J. Harwin, Esq.
Florida Bar No.: 1018578
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, FL 33301
Telephone: 954-462-9512
mharwin@stearnsweaver.com
mhernandez@stearnsweaver.com

and

Christopher R. Clark, Esq.
Florida Bar No.: 1002388
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: 850-329-4853
crclark@stearnsweaver.com
lrussell@stearnsweaver.com