**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:24-cv-20755-DSL**

AVR GROUP, LLC, TRIDENT ASSET
MANAGEMENT, INC., MICHAEL
DZIURGOT, individually and as the
representatives of a class of similarly
situated persons,

       *Plaintiffs,*

v.

ALEBRIJE ENTERTAINMENT, LLC,
CRAIG COLE, MATTHEW COLE,
GUSTAVO MONTAUDON, and John
Does 1-10,

       *Defendants.*

_____/

**DEFENDANTS ALEBRIJE ENTERTAINMENT, LLC and GUSTAVO MONTAUDON**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMSS FOR FAILURE TO STATE A**
**CLAIM OF RELIEF**

Defendants, ALEBRIJE ENTERTAINMENT LLC ("Alebrije") and GUSTAVO

MONTAUDON ("Montaudon") (collectively "Alebrije Defendants"), by and through the

undersigned attorney and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"),

hereby moves to dismiss the Complaint of Plaintiffs AVR GROUP, LLC, TRIDENT ASSET

MANAGEMENT, INC. and MICHAEL DZIURGOT, (collectively "Plaintiffs") [D.E. # 1], for

failure to state a claim, and in support thereof states as follows:

**INTRODUCTION**

The Alebrije Defendants move to dismiss Plaintiffs' frivolous and overly verbose

Complaint filled with fallible legal arguments and pure conjectures. Plaintiff's Complaint

stretches to hold people and entities liable for their own failure, including those that lack any

connection with.  Plaintiff candidly admit in their Complaint that they never had any contact with the Alebrije Defendants, and simply relied upon a Ponzi Schemer and his cohorts without performing any independent verification of the information they were provided.  In short, because the Plaintiffs were victims of the Ponzi Scheme run by Zachary Horowitz ("Horowitz") and have been unsuccessful in their other attempts to recoup their losses, they now turn to this Court.

Now the Plaintiff attempts to stretch this story even further, attempting to make their Complaint comprehensible by introducing a storied version of events first plead in their Response. [D.E. #60].

In furtherance of the Alebrije Defendants position that the Plaintiff's complaint is a sham, in an obvious attempt to mislead the Court the Plaintiff in its response combines companies, misconstrues what the Receiver Order states and fails to understand Florida law as it relates to unjust enrichment.

*First,* Plaintiff initially seeks to mislead the Court by failing to delineate that 1inMM as referenced is actually two (2) separate companies – 1inMM Capital, LLC, as described in its Complaint.  [D.E. #1, ¶1] and 1inMM Productions.  However, Plaintiff fails to separate the two companies as is necessary to understand the Alebrije Defendants involvement in same.  Defendant Alebrije was not in privity with 1inMM; it formed an LLC with 1inMMProductions, LLC, of which Montaudon was the Registered Agent (D.E. #50.  Plaintiff's own exhibit admits the same. [D.E. #1, Ex. A., Doc. 1-1., P. 35].  Yet now the Plaintiff wants to lump all of the 1inMM companies together.

*Second,* the active receivership bars Plaintiffs' equitable claims as derivative. *See In re: TelexFree, LLC,* 941 F.3d 576, 581 (1st Cir. 2019) (barring alleged investor loss claims against third parties as derivative claims of the attendant receivership entities claims in bankruptcy). Again, the Court needs review nothing further in dismissing Plaintiffs' Complaint.

*Third,* as argued and stated in Defendants Motion to Dismiss, the Plaintiff fails to prove the necessary elements to support a claim for unjust enrichment.  Changing, adding or otherwise stating additional statements does nothing to the Plaintiffs attempt to state a claim.

## ARGUMENT

Each and every statement contained in Plaintiff's Response that discusses the involvement of the Alebrije Defendants, is based on complete hearsay:

- Also, "[p]rospective investors of 1inMM were told that Montaudon's Alebrije and Horwitz's 1inMM co-founded an entity called ONE KEY ENTERTAINMENT" that was doing deals with HBO in Miami.  [D.E. 60, p. 5];

- Plaintiffs specifically allege that Craig Cole described Defendant Gustavo Montaudon to investors as "the OG LatAm connect" … [D.E. #60, p. 15];

- Craig Cole forwarded emails to investors regarding Defendant Gustavo Montaudon's role in getting. [D.E. #60, p. 15];

- The use of a closed[1] Florida entity and its operations were the key to the sales pitch to investors.

---

[1] One Key Entertainment, LLC ("One Key") was administratively dissolved on September 25, 2015 – *prior* to any of the allegations set forth in Plaintiff's complaint.

- Specifically, "Craig described Gustavo Montaudon as 'the OG LatAm connect' to investors." (Cmplt. ¶ 61). Craig provided lists of active deals in the Southern District of Florida that were being worked through with the assistance of Defendants Alebrije and Montaudon. (Cmplt. ¶ 44, Exhibit F). [D.E. #60, p. 16];

- Simply put, investors were all told by Defendants that money invested was being put to use in Florida with the assistance of Defendants Montaudon and Alebrije through the joint venture of ONE KEY ENTERTAINMENT. [D.E. #60, p. 16-17];

- Craig forwarded the following email to investors… [D.E. #60, p. 17].

Simply put, the Plaintiff fails to provide any direct claim that the Alebrije Defendants had knowledge of or were active participants in the Ponzi Scheme.  Furthermore, Plaintiff fails to appreciate that while One Key was a legitimate entity, the License Agreement that were provided by Zachary Horwitz were fraudulent and modified to state that they were governed under the laws of the United States of Mexico.  [D.E. #1, Ex. I., Doc. 1-3., P. 24, Section 8.1 "Governing Law"]. Moreover, none of the Alebrije Defendants were parties to this agreement, as the Plaintiff admits and alleges that the Distribution Agreements originally came from the Alebrije Defendants, but again fails to allege that the Alebrije Defendants had knowledge and participated in the use of these documents in furtherance of the Ponzi Scheme.

The Plaintiff's Response to the Alebrije Defendant's Motion to Dismiss for Unjust Enrichment is very telling as to the validity of their claim.  There is none.  The Plaintiff does not address any of the defenses raised by the Alebrije Defendants, and simply addresses the other Co-Defendants' involvement [D.E. #60, p. 4-7].

In their Complaint, the Plaintiffs make one unsupported allegation against Alebrije – "ALEBRIJE benefitted from providing documents to assist in mispresenting the nature and value of the Plaintiff's investment in the 1inMM Ponzi Scheme."  [D.E. #1, ¶ 201].

However, neither in their Complaint, nor their response, does Plaintiff state how directly Alebrije benefited or what it benefited from – a requirement for seeking a claim of unjust enrichment under Florida state law.  At most, the Plaintiffs alleged that they conferred an indirect benefit to the Alebrije Defendants, and as such cannot satisfy the first element of an unjust enrichment claim against them.  *Marrache v. Bacardi, USA, Inc.,* 17 F. 4th 1084 (11th Cir. 2021).

Despite Plaintiffs arguments that they need not show a direct benefit conferred on the Defendants, that is not the law, and the Plaintiffs fail to provide any case law that there is a Ponzi Scheme exception.

Cases applying the direct benefit requirement generally assert a scheme that is in some way unlawful.  *See Johnson v. Catamaran Health Sols. LLC,* 687 F. App'x, 827-28 (11th Cir. 2017) (asserting defendants charged premiums that were not reasonably related to the benefit program's benefits, in violation of Fla. Stat. §627.6515).

5

## **CONCLUSION**

For the reasons stated herein, Defendants, Alebrije Entertainment LLC and Gustavo Montaudon requests that this Court grant its Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) and dismiss Plaintiff's Complaint in its entirety with prejudice, together with any further relief this Honorable Court deems just, necessary and proper under the circumstances.

Dated: June 21, 2024                     Respectfully submitted,

LAW OFFICE OF ADAM I. SKOLNIK, P.A.

  /s/ *Adam I. Skolnik*
ADAM I. SKOLNIK
FLORIDA BAR NO. 728081
*ATTORNEY FOR* DEFENDANTS
1761 WEST HILLSBORO BOULEVARD, SUITE 207
DEERFIELD BEACH, FLORIDA 33442
TELEPHONE:        561.265.1120
FACSIMILE:         561.265.1828
ASKOLNIK@SKOLNIKLAWPA.COM

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 21, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

  /s/ *Adam I. Skolnik*
ADAM I. SKOLNIK

6

4877-6207-5324, v. 3