UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AVR GROUP, LLC; TRIDENT ASSET MANAGEMENT, INC.; and MICHAEL DZIURGOT, individually and on behalf of a putative class,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ALEBRIJE ENTERTAINMENT, LLC; CRAIG COLE; MATTHEW COLE; GUSTAVO MONTAUDON; and JOHN DOE NOS. 1–10,<br><br>*Defendants*. | Case No. 1:24-cv-20755 |

**DEFENDANT CRAIG COLE'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**

Defendant Craig Cole ("Cole") replies in support of his Motion to Dismiss the Complaint [DE 43] ("Motion"), and states as follows:

## I. INTRODUCTION

Plaintiffs' jurisdictional theory boils down to the following: this Court can exercise personal jurisdiction over Cole because he ***spoke about*** Florida. That is not the law. This Court cannot exercise personal jurisdiction over a non-resident defendant solely because he utters a statement ***about*** the forum. *International Shoe Co. v. Washington* and its progeny do not support that baseless proposition, which would swallow all Due Process Clause protections and ignore 80 years of Supreme Court precedent. *See generally* 326 U.S. 310 (1945); *Ford Motor Co. v. Montana*

*Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Yet that is the theory Plaintiffs ask this Court to accept in response to Cole's personal jurisdiction challenge.

Plaintiffs' Complaint utterly fails to plead facts sufficient to satisfy Florida's long-arm statute covering tortious conduct within the state. Indeed, even the unpled allegations that Plaintiffs proffer in their responsive briefing would fail to establish that their claims arise from Cole's tortious conduct within Florida. Plaintiffs—ever quick to bombastically label Cole a criminal—appear unable to present a single fact showing he is a Florida tortfeasor.

Regardless, Plaintiffs are likewise unable to plead in good faith that Cole deliberately availed himself of Florida, and that their claims arise from or relate to his (non-existent) Florida contacts. Exercising personal jurisdiction over Cole would violate the Due Process Clause. This Court, therefore, need not even reach the substantive deficiencies suffered by Plaintiffs' claims against Cole.

Finally, this Court should reject Plaintiffs' belated, last-ditch attempt to amend their Complaint. The Complaint is a poor effort at forum shopping. In view of the Complaint's Florida-lacking allegations, Plaintiffs' conflicting allegations in other federal districts, an absence of authority to support Plaintiffs' personal-jurisdiction-through-utterance theory, and Plaintiffs' failure to respond to one of Cole's dispositive jurisdictional arguments, a good faith amendment would be futile. It would be unjust to require Cole—who is undergoing intensive treatment for a life-threatening illness—to expend additional, precious resources when Plaintiffs never should have filed their lawsuit here. This Court should grant Cole's motion.

## II.  ARGUMENT

### A.  The Complaint fails to plead jurisdiction under Florida's long-arm statute.

Despite not referencing Florida's long-arm statute in the Complaint, Plaintiffs now assert that section 48.193(1)(a)2. (and *only* that subpart) confers personal jurisdiction here. Pls. Resp. 10. But the Complaint does not plead facts sufficient to trigger section 48.193(1)(a)2.

Section 48.193(1)(a)2 confers jurisdiction when the cause of action arises from "committing a tortious act within [Florida.]." It "expressly requires that the tort be committed in Florida" and this Court must strictly construe it as such. *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735 (11th Cir. 2018); *see also Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983).

Plaintiffs argue that *Wendt v. Horowitz* expands section 48.193(1)(a)2 jurisdiction to reach Cole's pleaded conduct. *See* 822 So. 2d 1252 (Fla. 2002). It does not. Plaintiffs' reliance on *Wendt* is misplaced. *Wendt* held that committing a tortious act in Florida under its long-arm statute can occur through a nonresident defendant's telephonic, electronic, or written communications ***directed into*** Florida from outside Florida. *Id.* at 1258 (analyzing section 48.193 (1)(a)2's predecessor, 48.193(1)(b)). But *Wendt* did not hold that communications ***about*** Florida satisfy section 48.193(1)(a)2. *Id*. And, although a defendant's physical presence in Florida is not required, it is not enough that the actions of a defendant committed outside of Florida ultimately have consequences in Florida—the defendant's actions must ***directly*** cause injury or damage within the state. *Blumberg v. Steve Weiss & Co.,* 922 So. 2d 361, 364 (Fla. 3d DCA 2006) (discussing *Wednt* and its progeny).

The Complaint does not—and cannot—allege that Cole knowingly directed communications into Florida. *See generally* Compl.; *see* Motion, Ex. 1., Declaration of Craig Cole,

3

May 6, 2024 ("Cole Aff.") ¶¶ 13–14, 18. Indeed, the Complaint is utterly silent as to Cole's involvement in any aspect of the alleged torts in Florida. *See generally Compl.* The Complaint also does not specifically allege that any Florida residents were injured by the alleged scheme. *See generally Compl.* At best, the Complaint makes passing reference to Cole's comments about COVID-19's effect on Miami and to apparently fictious business relationships with an individual employed by HBO who purportedly lives in Miami. *See Compl.* ¶¶ 48, 64–66, 91, 106, 114 (alleging that Cole knew Horwitz had no direct relationship with HBO or Netflix and that those relationships did not exist); *see also* Request Judicial Not. [DE 42], Ex. 2 (Plaintiffs' California Complaint, ¶¶ 35, 71, alleging that the Florida-based HBO relationships pleaded here were fictious). These allegations fall far short of satisfying section 48.193(1)(a)2. *See, e.g.*, *Blumberg.*, 922 So. 2d at 364.

Perhaps recognizing this deficiency, Plaintiffs' response resorts to vague, conclusory accusations not contained in the Complaint. They argue that "core misrepresentations" were "in Florida," and hyperbolically declare that "Florida is the heart of the fraudulent scheme." Pls.' Resp. 12. They also—in passive voice—contend that "communications went into and out of Florida in order to perpetuate the fraud." *Id*. 11. But uttering misrepresentations **about** Florida is not the same as directing injurious misrepresentations **into** Florida. And, repeatedly arguing in briefing that Florida is the core of the scheme does not make it so. Plaintiffs' arguments in this regard are belied by their Complaint, which details a west-coast-based scheme and says almost nothing about Florida.

In any event, none of these allegations specifically relate to Cole and the Complaint does not identify a single tortious and injurious communication that **Cole** directed **into** Florida. For this reason alone, this Court should grant Cole's motion.

4

### B. Exercising Personal Jurisdiction over Cole Would Still Violate the Due Process Clause.

Even if this Court were to conclude that the Complaint pleads facts sufficient to satisfy section 48.193(1)(a)2.—it should not—extending personal jurisdiction over Cole would still violate the more restrictive Due Process Clause. Plaintiffs' response nevertheless contends that this Court should deny Cole's motion to dismiss because his affidavit does not rebut every single allegation in the Complaint. Plaintiffs are wrong for several reasons.

First, regardless of the affidavit's contents, Plaintiffs' Complaint fails to carry its burden of making a prima facie case for personal jurisdiction over Cole. *See Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988) ("In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant."). The Complaint does not specifically allege that Cole transacted business, made contacts, or committed tortious acts in Florida. *See generally* Compl. The Complaint does not allege that Cole ever traveled to Florida (for any purpose ever, including to further the alleged scheme), and does not allege that Cole solicited, defrauded, or injured anyone in Florida, including the Plaintiffs. *Id*. Nor does it allege that he directed communications related to the scheme into Florida. *Id*. The Complaint merely contends that Cole—presumably, while located in Oregon or California—uttered statements to an unspecified number of unidentified "investors" not alleged to have been in Florida ***about*** Florida events and ***about*** people in Florida. Compl. ¶¶ 48, 64–66, 106.

The Complaint culminates with the sweeping, paradoxical allegation that "*[a]ll* Defendants' relevant business . . . occurred or emanated from Florida . . ." *See id*. ¶ 23 (emphasis added). But such vague and conclusory allegations do not constitute a prima facie showing for specific personal jurisdiction over Cole. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th

5

Cir. 2006) ("[V]ague and conclusory allegations presented in [the] complaint . . . are insufficient to establish a prima facie case of personal jurisdiction[.]").

Second, Plaintiffs misapply *Venetian Salami Co. v. Parthenais*. 554 So. 2d 499, 502 (Fla. 1989). *Salami* outlined the common **procedure** for challenging jurisdiction in Florida courts. *Id.* (". . . previous decisions of the district courts of appeal have outlined the procedure to be followed in cases such as this. Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts."). But *Salami* discussed state **procedure** in state court. Federal courts have long recognized prima facie challenges to personal jurisdiction. *E.g., Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir.1988); *Bracewell v. Nicholson Air Service, Inc.*, 748 F.2d 1499, 1504 (11th Cir.1984).

In any event, Cole's affidavit is more than sufficient to challenge the Complaint's vague, conclusory, and almost non-existent jurisdictional allegations. Although the Complaint makes no specific jurisdictional allegations regarding Cole, the affidavit addresses every possible consideration relevant under section 48.193(1)(a)2 and, more importantly, under the Due Process Clause. As it relates to directing communications into Florida in a manner that might trigger tort jurisdiction under section 48.193(1)(a)2, Cole's affidavit states that he has "never contacted any person or entity in Florida. . . in furtherance of any of Zachary Horwitz []'s business ventures, including 1inMM." Cole. Aff. ¶ 24. It further states that Cole has never "contacted, transacted with, or done business with a Florida 1inMM investor." Cole Aff. ¶14. And, as it relates to the Due Process Clause analysis, the affidavit establishes, among other things, that Cole has never deliberately availed himself of the forum for any business purpose—including for any purpose arising from or relating to Plaintiffs' 1inMM-related claims. *Compare Ford Motor Co.*, 141 S. Ct.

6

at 1024 *with* Coel Aff. ¶¶ 3, 12–14. Cole's affidavit addresses every factual consideration relevant to specific personal jurisdiction under *Ford Motor* and antecedent authority. Cole is not required, under *Salami* or any known federal precedent, to file an affidavit in the form of an Answer, disputing every single factual allegation in the Complaint. And even if he were, there is nothing to dispute here because the Complaint does not specifically plead a single allegation connecting Plaintiffs' claims against Cole to any deliberate Florida contacts.

Finally, Plaintiffs response does not address Cole's argument that, as a putative class action brought by unnamed plaintiffs, the Complaint fails to identify which unnamed, putative class members' claims—if any—arise from or relate to Cole's purported contacts with Florida. Motion at 14. These omissions are also fatal to this Court's proper exercise of specific personal jurisdiction over the putative class members' claims against Cole. *See Bristol-Myers Squibb*, 582 U.S. at 266 (explaining that specific personal jurisdiction under the Due Process Clause is claim-specific and that just because a court has specific jurisdiction over one individual's claim, it does not confer specific personal jurisdiction over the claims of any other individual).

Plaintiffs bear the burden of establishing that this Court has jurisdiction over the parties in a case and they have utterly failed to carry that burden here. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). For this reason, too, this Court should grant Cole's motion to dismiss.

### C. Plaintiffs' Unjust Enrichment Claims Fail.

Cole incorporates by reference co-defendant Matthew Cole's arguments in his Reply in Support of Motion to Dismiss [DE 63], Section ii, 5–7, addressing Plaintiffs' failure to state an unjust enrichment claim under Florida law.

### D. This Court Should Deny Plaintiffs' Request to Amend their Woefully Deficient Complaint.

Plaintiffs' response ends with a footnote asking this Court, alternatively, for leave to amend their Complaint. Pls.' Resp. 17 n.1. Plaintiffs' footnote cites an unpublished district court decision for the proposition that leave to amend the Complaint should be granted if "there is a conceivable factual basis on which [plaintiff's] claims would survive." *Id.* (citing *Canon Latin America, Inc. v. Lantech (C.R.), S.A.*, 2009 U.S. Dist. LEXIS 139568, at *16 (S.D. Fla. Apr. 28, 2009)). But that is not the standard. The unique circumstances in this case do not weigh in favor of amendment.

In relevant part, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days of service of either that party's pleading or a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Otherwise, a party may only file an amended pleading with the written consent of the opposing party or leave of court. *Id.* While leave to amend should be freely granted, a court need not grant leave where: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by previous amendments; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *E.g., Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, more than 21 days have passed since Cole's Rule 12(b) motion and Plaintiffs must therefore seek leave of Court to amend their Complaint. *See* Fed. R. Civ. P. 15(a). At the time of filing, Plaintiffs have not moved for leave to amend under Rule 15, and their footnote request— made over a month after Cole's motion—does not comply with Local Rule 15.1.

Regardless, the circumstances here do not weigh in favor of amendment for several reasons. First, the Complaint is a thinly veiled effort at forum shopping and future amendment would be futile. Plaintiffs' complaint in the Northern District of California does not identify

8

conduct taking place in Florida nor any actors from Florida; and, unlike here (where it would be less convenient for Plaintiffs) that complaint clearly alleges that the deals with HBO and HBO Latin America were a fictious ruse. *See* Request Judicial Not. [DE 42], Ex. 2. Plaintiffs cannot, in good faith, replead to add allegations that directly conflict with their original Complaint or their pleading in other federal districts.

Moreover, amendment would be futile for a host of legal reasons. Plaintiffs' personal-jurisdiction-through-utterance theory is not supported by a single Due Process Clause decision and, if applied, would swallow the Supreme Court's personal jurisdiction framework. Additionally, Plaintiffs have not responded to—and therefore have waived opposition to—Cole's argument that the Complaint fails because it does not establish specific personal jurisdiction for each unnamed, putative class members' claims against Cole. *See* Motion 14 (citing *Bristol-Myers Squibb,* 582 U.S. at 266); *see Szabo v. Fed. Ins. Co.,* No. 8:10-cv-2167, 2011 WL 13176227, at *1 (M.D. Fla. Nov. 25, 2011) (treating summary judgment motion as unopposed and granting it where non-movant failed to respond); *Strong v. GEICO Gen. Ins. Co.*, No. 8:16-cv-1757, 2017 WL 11884597, at *2 (M.D. Fla. Oct. 24, 2017) (same as to motions in limine).

Finally, another round of motion practice would unduly prejudice Cole. Plaintiffs' poor attempt at forum shopping—resulting in a pleading that suffers immense jurisdictional deficiencies—has resulted in Cole having to expend finite resources, energy, and effort toward legal defense; all while he accumulates debt from battling cancer, a heart defect, and a stroke. *See* Cole Aff. ¶¶ 19–22. It would be unjust to allow Plaintiffs another opportunity to exhaust Cole's dwindling resources by forcing him to respond, again, to claims that never should have been filed here. This is especially true because Cole might be forced to defend a future (third) effort by Plaintiffs to refile their lawsuit in a different district, such as Oregon.

For these reasons, allowing Plaintiffs to amend their woefully deficient Complaint would be both futile and unduly prejudicial to Cole. This Court should grant Cole's motion to dismiss.

Dated: July 1, 2024

                                                      Respectfully submitted,

                                                     **STUMPHAUZER KOLAYA**
                                                     **NADLER & SLOMAN, PLLC**
                                                     2 S. Biscayne Boulevard, Suite 1600
                                                   Miami, Florida 33131
                                                   Tel.: (305) 614-1400

                                                 By: */s/ Francis D. Murray*
                                                       Francis D. Murray (FBN: 108567)
                                                       Ryan K. Stumphauzer (FBN: 12176)
                                                       Amy M. Bowers (FBN: 105755)

                                                 Email: fmurray@sknlaw.com
                                                             rstumphauzer@sknlaw.com
                                                             abowers@sknlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2024, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Francis D. Murray*
FRANCIS D. MURRAY