**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AVR GROUP, LLC, TRIDENT ASSET MANAGEMENT, INC., MICHAEL DZIURGOT, individually and as the representatives of a class of similarly-situated persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALEBRIJE ENTERTAINMENT, LLC, CRAIG COLE, MATTHEW COLE, GUSTAVO MONTAUDON, and John Does 1-10,<br><br>    Defendants. | Case No. 1:24-cv-20755 |

**DEFENDANT MATTHEW COLE'S MOTION TO TEMPORARILY STAY DISCOVERY**

Defendant Matthew Cole ("Matthew Cole") moves to temporarily stay discovery pending the outcome of his 12(b)(1) and 12(b)(6) motion, and states in support:

**INTRODUCTION**

On May 6, 2024, Matthew Cole filed his motion to dismiss the singular defective count in the Complaint ("Complaint") against him for failure to state any viable cause of action and lack of personal jurisdiction ("Motion to Dismiss"). ECF No. 40. Plaintiffs secured an extension of time to respond to these motions through April 29, 2024. ECF Nos. 49, 50. After briefing was completed on the Motion to Dismiss (ECF Nos. 60, 63), on June 17, 2024, Plaintiffs served Matthew Cole with requests to admit, interrogatories, and requests for production. Because a "preliminary peek"

1

at the Motion to Dismiss shows that it is meritorious and likely dispositive of the case, a temporary stay of discovery is appropriate until the Court rules on these motions.

Plaintiff's request for discovery from Matthew Cole is particularly offensive here because the Court has no personal jurisdiction over him. Plaintiffs have not adequately pled a basis for personal jurisdiction over Matthew Cole because there is none. Plaintiffs cannot manufacture jurisdiction over Matthew Cole by characterization alone, particularly when Plaintiffs' characterizations contradict their characterizations in other cases and are dependent on an alleged relationship in Florida (again, not involving Matthew Cole) that they plead **did not exist**. Matthew Cole should not be forced to engage in expensive and burdensome discovery in a court that does not have jurisdiction over him.[1]

Furthermore, the singular claim of unjust enrichment against Matthew Cole is defective on its face because it is deficient under clearly binding Florida law. In order to assert a claim for unjust enrichment, Florida law plainly requires (notwithstanding Plaintiffs' misleading suggestion to the contrary) that the plaintiff directly convey a benefit on the defendant. The Plaintiffs do not plead that they directly conveyed a benefit on Matthew Cole because they did not. In the interest of judicial economy, and to avoid prejudice to Matthew Cole by preventing extensive and expensive discovery from going forward before the Court determines the viability of Plaintiffs' claim, the Court should stay all discovery against Matthew Cole until it rules upon the Motion to Dismiss.

---

[1] Plaintiffs complain that by submitting a Joint Scheduling Report, Matthew Cole is not entitled to a stay of discovery. To be clear, Matthew Cole (and other Defendants) expressly refused to waive its Rule 12 defenses and any allegations regarding the Court's lack of personal jurisdiction. (ECF No. 52, n.1). If Matthew Cole's Motion to Dismiss is denied, of course he will abide by the current Court deadlines.

## **ARGUMENT**

Matthew Cole has moved to dismiss the singular defective cause of action against him. ECF No. 40. The Eleventh Circuit has held that a district court generally should stay all discovery during the pendency of a comprehensive motion to dismiss. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (reversing district court's order compelling discovery entered during pendency of motion to dismiss). Though the district court is vested with discretion over discovery matters, "[t]his discretion is not unfettered…" *Id.* at 1367. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Id.* "[N]either the parties nor the court have any need for discovery before the court rules on the motion." *Id.* As the Eleventh Circuit explained in *Chudasama*, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. The court reasoned:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system. *Id.*

Given the strong policy and practical reasons for determining whether a complaint states a viable claim for relief before the parties engage in discovery, the Eleventh Circuit has "instructed" that it is appropriate to delay discovery until the district court determines that there is a cognizable cause of action asserted in the complaint. *Moore v. Potter*, 141 Fed. App'x. 803, 807-08 (11th Cir. 2005) (affirming stay of discovery during pendency of motion to dismiss complaint).

Based on *Chudasama*, this Court has granted stays of discovery until the Court has ruled on motions to dismiss for failure to state a claim upon which relief can be granted. *See Solar Star*

*Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, *1 (S.D. Fla. Mar. 30, 2011) (staying all discovery pending ruling on motion to dismiss that is "potentially dispositive of the entire action"); *Carcamo v. Miami-Dade County*, No. 03-20870-CIV, 2003 WL 24336368, *1 (S.D. Fla. Aug. 1, 2003) (granting stay of discovery until court rules on pending motion to dismiss); *In re Managed Care Litig.*, No. 00-1334-MD, 2001 WL 664391, *3 (S.D. Fla. June 12, 2001) (same).

A temporary stay of discovery pending resolution of motions to dismiss is appropriate when a "preliminary peek" at the Rule 12 motions shows that it is "likely meritorious and dispositive of the case." *Bufkin v. Scottrade, Inc.,* 812 Fed. Appx. 838, 842 (11th Cir. 2020). Such an examination of Matthew Cole's Motion to Dismiss reveals at least two glaring and irreparable flaws at the heart of their case: (1) they have failed to adequately plead facts to establish personal jurisdiction over Matthew Cole, and (2) their unjust enrichment claim fails to satisfy clearly binding precedent under Florida law. *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640 at *2-3 (S.D. Fla. Mar. 25, 2020) (motion seeking dismissal of every count of a complaint and presenting "legitimate jurisdictional challenges" justified temporary stay of discovery). Those case-dispositive issues justify a temporary stay of discovery.

In addition to the Plaintiffs' pleading failures, Plaintiffs have failed to address at all the fact that their claims are derivative of the receiver's claims and should be dismissed. *See In re: TelexFree, LLC,* 941 F.3d 576, 581 (1st Cir. 2019) (barring alleged investor loss claims against third-parties as derivative claims of the attendant receivership entities claims in bankruptcy). Plaintiffs' lawsuit, and their attendant discovery requests, are aimed solely at extorting Matthew Cole through the threat of costly litigation expenses to pay them for the perceived sins of his son. This Court should not allow it.

**CONCLUSION**

The Court should enter an Order staying discovery until after the Court resolves Matthew Cole's Motion to Dismiss.

**CERTIFICATE OF CONFERRAL**

Under Local Rule 7.1(a)(3), Defendants certify that they conferred with Plaintiffs' counsel on the relief sought herein and Plaintiffs oppose the relief sought herein.

Respectfully submitted,

*/s/Michael J. Harwin*
Michael J. Harwin, Esq.
Florida Bar No.: 1018578
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, FL 33301
Telephone: 954-462-9512
mharwin@stearnsweaver.com
mhernandez@stearnsweaver.com

and

Christopher R. Clark, Esq.
Florida Bar No.: 1002388
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
106 East College Avenue, Suite 700
Tallahassee, FL 32301
Telephone: 850-329-4853
crclark@stearnsweaver.com
lrussell@stearnsweaver.com

#12917043 v1