UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20755-LEIBOWITZ/Goodman

AVR GROUP LLC, TRIDENT ASSET MGMT., INC.,
and MICHAEL DZIURGOT,

    *Plaintiffs,*

v.

ALEBRIJE ENTERTAINMENT LLC, et al.,

    *Defendants.*
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. On February 27, 2024, investor Plaintiffs filed a purported class action Complaint, alleging that Defendants engaged in a Ponzi scheme with the amount of damages to be "proven at trial." [ECF No. 1 at 32]. The case was reassigned to the undersigned on April 2, 2024 [ECF No. 25].

Upon a *sua spone* examination of the record, the Court sees that Plaintiff attempts to assert claims against Defendant John Does 1-10 (the "DOE Defendants"). [ECF Nos. 1 and 69]. The DOE Defendants are due to be dismissed, because Plaintiff does not adequately describe them to allow the claims to proceed. Plaintiff's allegations with respect to the DOE Defendants are merely as follows: "Plaintiffs do not know the true names of JOHN DOES 1 through 10 and, therefore, is suing these Defendants by fictitious names. Plaintiffs will amend this Complaint to set forth the true names of the John Doe Defendants when Plaintiffs learn more about them." [ECF No. 1 ¶ 16].

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010) (affirming district court's dismissal of John Doe defendant identified merely as "Unknown Legal Name, Guard, Charlotte Correctional Institute")

(citation omitted); *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (affirming dismissal of "John Doe corrections officers" in *pro se* complaint where the plaintiff "completely failed to describe some of those officers" and "gave general descriptions of others, such as by indicating the duty stations to which they were assigned"); *Picado v. Reyes*, No. 1:23-CV-20912, 2023 WL 7279322, at *4 (S.D. Fla. Nov. 3, 2023) (applying *Richardson* and *Moulds* as to inadequately identified John Does).

The Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." *Id.* (citation and internal quotation marks omitted). In this case, as was the case in *Richardson* and *Moulds, supra*, Plaintiffs provide no description of the DOE Defendants. Accordingly, it is **ORDERED AND ADJUDGED** that Defendants, John Does 1–10, are **DISMISSED**.

**DONE AND ORDERED** in the Southern District of Florida, this 17th day of July, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record