UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20755-LEIBOWITZ

AVR GROUP, LLC, TRIDENT ASSET
MGMT. GROUP, INC., and MICHAEL
DZIURGOT,

    *Plaintiffs*,

v.

ALEBRIJE ENTERTAINMENT, LLC,
et al.,

    *Defendants*.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on several motions by the Defendants which are addressed and ruled upon in this Omnibus Order. For context, Plaintiffs-investors bring this purported class action lawsuit to recover money (allegedly) lost through a Ponzi scheme perpetrated by Defendants utilizing an entity known as 1inMM Capital, LLC. [ECF No. 1]. Plaintiffs are suing Defendants Craig Cole, Gustavo Montaudon, and Alebrije Entertainment, LLC, for "aiding and abetting fraud" (Count I) and have sued all Defendants for unjust enrichment (Count II).[1]

Two individual Defendants, Craig Cole and Matthew Cole, move to dismiss for lack of personal jurisdiction. The Court will, therefore, rule on those motions prior to addressing the other motions pending before the Court.

---

[1] The John Doe Defendants have been dismissed from this case in a prior Order. [ECF No. 70].

**I.     Motions to Dismiss [ECF Nos. 40, 43] are GRANTED.**

Non-Florida residents, Defendants Craig and Matthew Cole (the "Cole Defendants") move to dismiss for lack of personal jurisdiction. [ECF Nos. 40, 43]. To survive a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff must establish a *prima facie* case of jurisdiction over the nonresident defendant. *Mold–Ex, Inc. v. Michigan Tech. Representatives, Inc.*, 2005 WL 2416824, at *1 (N.D. Fla. Sept. 30, 2005) (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)). The plaintiff's *prima facie* case must be sufficient to defeat a motion for a directed verdict. *Id.* In determining whether such a *prima facie* case is established, the Court must accept the facts in the complaint as true to the extent they are not controverted by defendant's affidavits. *Lauzon v. Joseph Ribkoff, Inc.,* 77 F. Supp. 2d 1250, 1253–54 (S.D. Fla. 1999); *Cable/Home Commc'n*, 902 F.2d at 855. Where the evidence conflicts, the Court is required to view all reasonable inferences in plaintiff's favor. *Lauzon*, 77 F. Supp. 2d at 1253–54. Once the plaintiff pleads sufficient material facts to support the exercise of personal jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other competent evidence. *Id.* at 1254 (citing *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 585–86 (M.D. Fla. 1991)). If the defendant sustains its burden, the plaintiff is required to substantiate the allegations in the complaint by affidavits or other competent evidence and not simply reiterate the factual allegations. *Id.* (citing *Prentice,* 779 F. Supp. at 586).

In this case, Plaintiffs allege generally: "This Court has personal jurisdiction over Defendants because Defendants transacted business within this judicial district, made contacts within this judicial district, and/or have committed tortious acts within this judicial district." [ECF No. 1 ¶ 20]. Plaintiff's personal jurisdictional allegations as to the Cole Defendants, taken as true, are as follows:

Craig Cole ("Craig") was advertised as Zachary Horwitz's ("Horwitz") right-hand man. Horwitz is a convicted fraudster and owner of the entity that engaged in the alleged Ponzi scheme,

1inMM Capital, LLC ("1inMM").  [ECF No. 1 ¶ 2].  Craig's father, Defendant Matthew Cole ("Matthew"), was 1inMM's first significant investor, providing 1inMM with one hundred thousand dollars ($100,000) on October 15, 2013.  [*Id.* ¶ 32].  Matthew Cole's initial $100,000 jump-started the alleged Ponzi scheme conducted by 1inMM.  [*Id.* ¶ 33].

When performing work on behalf of 1inMM, Craig Cole used the e-mail address craig@1inMMcapital.com.  [*Id.* ¶ 35].  One of Craig Cole's roles within 1inMM was to promote 1inMM to investors.  [*Id.* ¶ 4].  By far the most valuable of Craig Cole's potential investors turned out to be his friend, Ryan Spiegal, and Ryan's father, Jeffrey Speigel, who formed SAC Advisory Group, LLC ("SAC").  SAC raised $75,132,950.00 for 1inMM from innocent investors including Plaintiffs.  [*Id.* ¶ 5].  The Plaintiffs contend that the 1inMM Ponzi scheme would not have been funded but for Craig Cole, and that the Ponzi scheme perpetrated by 1inMM yielded Craig and Matthew Cole "millions of dollars."  [*Id.* ¶¶ 7, 37].

Craig Cole's Motion to Dismiss is supported by an affidavit which attests that Craig is a resident of Bend, Oregon, and that Craig has "never been a resident of Florida," "never been employed in Florida," "never routinely traveled to Florida," "never done business in Florida," "never had an office or agency in Florida," and "never. . . owned assets in Florida."  [ECF No. 43-1 ¶¶ 2–3].  Craig Cole further attests that, to the best of his knowledge, he "never contacted any person or entity in Florida, never transacted business in Florida, never solicited investments from Florida, and never traveled to Florida in furtherance of any of Zachary Horwitz's business ventures, including 1inMM."  [*Id.* ¶ 13].  Finally, although 1inMM had many investors, Craig attests that he is not "aware of a single investor from Florida."  [*Id.* ¶ 14].

Matthew Cole did not file an affidavit in support of his Motion to Dismiss [*See* ECF No. 40], so Plaintiffs' jurisdictional allegations as to Matthew are unrebutted.

Familiar to all first-year civil procedure students, courts in the Eleventh Circuit follow the long-established two-step analysis when deciding whether personal jurisdiction exists over a nonresident defendant. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the court must determine whether the state's long-arm statute (in this case Florida) provides a basis for personal jurisdiction over the defendant. *Id.* Second, if the state's long-arm statute provides a basis for personal jurisdiction, the court must then determine whether "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Id.* (citations omitted); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The "minimum contacts" requirement is satisfied if the defendant "purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state." *Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 719 (Fla. 4th DCA 1998); *see also Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Hanson v. Denckla*, 357 U.S. 235, 251 (1958). The Due Process analysis only occurs if the Court first determines the state long-arm statute provides a basis for personal jurisdiction. *See Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000).

1. <u>Plaintiffs fails to establish specific jurisdiction over the Cole Defendants</u>.

Florida's long-arm statute provides for two distinct categories of personal jurisdiction: specific jurisdiction conferred under Fla. Stat. § 48.193(1), and general jurisdiction conferred under Fla. Stat. § 48.193(2). *Miller v. Berman*, 289 F. Supp. 2d 1327, 1331 (M.D. Fla. 2003) (citing *Northwestern Aircraft Capital Corp. v. Stewart*, 842 So. 2d 190, 193 (Fla. 5th DCA 2003)). Under § 48.193(1)(a), a court has specific jurisdiction "for any cause of action arising from ... operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." *See*

Fla. Stat. § 48.193(1)(a)1. That provision, in turn, has two requirements: first, that the defendant carried on a business in Florida; and second, that the cause of action arose from that business.

For a court to find that a defendant is carrying on a business or business venture in Florida either itself or through an agent, the court must find that the defendant's activities, "considered collectively . . . show a general course of business activity in the state for pecuniary benefit." *Sculptchair*, 94 F.3d at 627 (citing *Dinsmore v. Martin Blumenthal Assocs. Inc.*, 314 So. 2d 561, 564 (Fla. 1975)). Factors relevant to, but not dispositive of, this analysis include the presence and operation of an office in Florida; the possession and maintenance of a license to do business in Florida; the number of Florida clients served; and a large percentage of overall revenue gleaned from Florida clients. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005).

This Court finds that Plaintiffs have failed to meet their burden to show that the Cole Defendants conducted business in Florida, or that this cause of action arose from business conducted in Florida. Instead, Plaintiffs rely on unsworn allegations about a Ponzi scheme that the Cole Defendants allegedly participated in and gained from-- without citing any facts tying the alleged scheme to Florida.

The unverified Complaint does allege that Defendant Alebrije Entertainment, LLC, is a Florida corporation, and that Defendant Gustavo Montaudon is a citizen of and domiciled in Florida. [*See* ECF No. 1 ¶¶ 12–13]. Beyond that, however, the word "Florida" appears only in the "Venue" section of the Complaint, as follows:

> All of Defendants' relevant business, including the formulation and execution of the unlawful practices alleged herein, occurred in or emanated from Florida, where ALEBRIJE and Montaudon, did business with the remaining Defendants and Horwitz prior to the 1inMM Ponzi Scheme imploding. Thus, Florida has significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and Class Members. Florida has a materially greater interest than any other State in enforcing the rights and remedies granted to consumers under the Florida laws invoked in this Complaint. These rights and remedies further strong fundamental public policies of the State of Florida.

[*Id.* ¶¶ 23–24]. These conclusory statements do not establish that the Cole Defendants (who are not citizens or residents of the State of Florida) conducted business in Florida sufficient to satisfy Florida's long-arm statute. Nor do these allegations support exercising personal jurisdiction over the Cole Defendants under the provision of the long-arm statute covering the commission of tortious acts within the state, Fla. Stat. § 48.193(1)(a)2.

To satisfy the second element for specific jurisdiction, Plaintiffs must show some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (quoting *Citicorp Ins. Brokers (Marine) Ltd. v. J.R. Charman*, 635 So. 2d 79, 81 (Fla. 1st DCA 1994)) (internal quotation marks omitted). Plaintiffs fail here too. Plaintiffs do not plead sufficient facts to establish a nexus between Craig Cole's alleged aiding-and-abetting the Ponzi scheme and his activities within the State of Florida. Indeed, Plaintiffs plead no facts that show a causal connection between Florida and their unjust enrichment claims. According to Craig Cole's affidavit, there are no links between 1inMM and Florida. [*See* ECF No. 43-1 ¶¶ 13–14]. Consequently, this Court lacks any basis that demonstrates specific personal jurisdiction over the Cole Defendants.

2. <u>Plaintiffs fail to establish general jurisdiction over the Cole Defendants</u>.

Section 48.193(2), Florida Statutes, provides that a Florida court may exercise personal jurisdiction over a nonresident who engages in "substantial and not isolated activity within [Florida], whether such activity is wholly interstate, intrastate, or otherwise." Jurisdiction under this section does *not* require a showing of connectivity between a non-resident defendant's activities and plaintiff's cause of action. *See Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999) (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

Unsurprisingly given the well-worn contours of general jurisdiction law, Florida courts have interpreted "substantial and not isolated activity," of the long-arm statute to mean "continuous and

systematic general business contact." *Autonation, Inc. v. Whitlock*, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003) (citing *Woods*, 739 So. 2d at 620). In considering a defendant's contacts, courts must look at the defendant's activities collectively over a relevant period of years leading up to the lawsuit. *See Autonation*, 276 F. Supp. 2d at 1263. For jurisdiction to attach, these contacts must show a "general course of business activity in the State for pecuniary benefit." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006) (citations omitted) (internal quotation marks omitted).

The level of business contacts required to establish general jurisdiction is generally greater than the level of contacts required to establish specific jurisdiction. *See Kozial v. Bombardier-Rotax GmbH*, 129 Fed. App'x. 543, 546 (11th Cir. 2005); *accord Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). To support the court's exercise of general jurisdiction, a defendant's business contacts with the forum "must be especially pervasive and substantial[.]" *General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002), *aff'd* 54 Fed. Appx. 492 (11th Cir. 2002). The contacts "must be so extensive to be tantamount to a defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." <u>Baker v. Carnival Corp.</u>, No. 06-21527-CIV-HUCK, 2006 WL 3360418, at *2 (S.D. Fla. Nov. 20, 2006) (quoting *Purdue Research Foundation v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)) (internal quotation marks omitted).

As alleged here, the Cole Defendants' contacts with Florida are minimal at best. Craig lives in Oregon and has never traveled to or done business in Florida. [ECF No. 43-1 ¶¶ 2–3]. Matthew lives in Idaho, and even his $100,000 start-up money is not alleged to have touched the State of Florida. [ECF No. 1 ¶ 15]. Accordingly, Plaintiffs have failed to show the extensive Florida activities that would confer general jurisdiction over the Cole Defendants.

Accordingly, and upon due consideration, the Motions to Dismiss [ECF Nos. 40 and 43] are GRANTED.  This Court lacks personal jurisdiction over Defendants Matthew Cole and Craig Cole, and thus DISMISSES them from this lawsuit.

## II. Motions [ECF Nos. 46, 47, 69, and 71] are DENIED AS MOOT.

Also pending before the Court are the following motions:  (1) Motion to Dismiss by Alebrije Entertainment, LLC [ECF No. 45]; (2) Motion for Judicial Notice by Matthew Cole [ECF No. 46]; (3) Motion for Judicial Notice by Craig Cole [ECF No. 47]; (4) Motion for Stay of Discovery by Matthew Cole [ECF No. 69]; and (5) Defendant' Craig Cole's Notice of Joinder in Matthew Cole's Motion to Temporarily Stay Discovery.  Based upon the Court's determination that it lacks personal jurisdiction over the Cole Defendants, Motions ECF Nos. 46, 47, 69, and 71 are DENIED AS MOOT.

Alebrije Entertainment, LLC Motion to Dismiss [ECF No. 45] is fully briefed and ripe for resolution.  The Court will notice a hearing on that Motion by separate Order.  Based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss [**ECF Nos. 40 and 43**] are **GRANTED.**

2. Defendants Craig Cole and Matthew Cole are DISMISSED from this case WITHOUT PREJUDICE.

3. Motions [**ECF Nos. 46, 47, 69, and 71**] are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida this 18th day of July, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record